IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID BROWN,              ) | Civ. No. 07-00556 ACK-LEK |
|         Plaintiff,     ) | |
|   vs.                         ) | |
| STATE OF HAWAII, ET AL., ) | |
|         Defendants.    ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO SHORTEN TIME AND DENYING HIS MOTION FOR RECONSIDERATION

On May 14, 2008, the Court issued an order granting, among other things, Defendant Melanie Chinen's motion to dismiss Plaintiff's First Amendment retaliation claim set forth in his complaint on the ground that his statements to Chinen, his immediate supervisor, were made pursuant to his official duties. In so ruling, the Court relied on the written job description that Plaintiff had attached to his complaint. On February 10, 2009, the Court entered an order granting in part, among other things, Chinen's motion to dismiss Plaintiff's First Amendment retaliation claim set forth in his second amended complaint on the same basis. He thereafter filed a third amended complaint wherein he realleges a First Amendment retaliation claim in light of his statements to Chinen.

On June 15, 2009, Chinen filed a motion for summary judgment as to Plaintiff's First Amendment retaliation claim. A hearing on the motion has been set for September 21, 2009.

On September 5, 2009, Plaintiff filed a motion for reconsideration as to the Court's May 14, 2008 and February 10, 2009 orders dismissing his First Amendment retaliation claims set forth respectively in his complaint and second amended complaint. Plaintiff cites Rule 60.1(a) of this Court's Local Rules of Practice and Procedure ("Local Rules"), which provides that motions for reconsideration of interlocutory orders may be brought on the ground of "[d]iscovery of new material facts not previously available." Plaintiff asserts that Chinen repeatedly undermined his authority, such that the contours of his official duties are unclear. He therefore maintains in effect that his statements to Chinen were not made pursuant to his official duties. In addition, Plaintiff has filed a motion to shorten time on his motion for reconsideration, specifically requesting that the Court evaluate the motion for reconsideration at the hearing on Chinen's motion for summary judgement.

The Court finds that the motion for reconsideration is suitable for disposition without a hearing pursuant to Local Rule 7.2(d). The Court will therefore deny Plaintiff's motion to shorten time. With respect to the motion for reconsideration, the Court finds that the allegedly new material facts were

available to Plaintiff before he filed his complaint and his second amended complaint.  They were all within his personal knowledge.  Furthermore, as the Court noted in its February 10, 2009 order, the Court's factual determinations in that order were set forth for the limited purpose of deciding, among other things, Chinen's motion to dismiss and did not constitute findings of fact.  The same applies to the earlier May 14, 2008 order.  Thus, the factual determinations in the two orders are not binding on the Court when it rules on Chinen's motion for summary judgment.  Accordingly, the Court will deny his motion for reconsideration.

However, the Court will consider the new exhibit and the two declarations that Plaintiff has attached to his motion for reconsideration.  See Fed. R. Civ. P. 56(c).  Chinen may respond to those new materials in a reply in support of her motion for summary judgment and may submit the reply by September 14, 2009.

In light of the foregoing, the Court denies Plaintiff's motion to shorten time and denies his motion for reconsideration.

     IT IS SO ORDERED.

     Dated:  Honolulu, Hawai'i, September 9, 2009.



                                        Alan C. Kay
                                        Sr. United States District Judge

<u>Brown v. State of Hawai'i</u>, Civ. No. 07-00556 ACK-LEK:  Order Denying Plaintiff's Motion to Shorten Time and Denying His Motion for Reconsideration