IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID BROWN, | ) Civ. No. 07-00556 ACK-LEK |
| Plaintiff, | ) |
| vs. | ) |
| STATE OF HAWAII, ET AL., | ) |
| Defendants. | ) |

### ORDER DENYING PLAINTIFF'S MOTION IN LIMINE

### PROCEDURAL HISTORY[1]

This action was initiated on November 11, 2007. Following two rounds of motions to dismiss, on March 12, 2009, Plaintiff filed a third amended complaint, which alleged, among other things, a claim under the Native American Graves and Repatriation Act ("NAGPRA"), 25 U.S.C. § 3001 et seq., against Defendants the State of Hawai'i ("State"), Melanie Chinen, in official capacity as the former Administrator of the State Historic Preservation Division ("SHPD") of the Department of Land and Natural Resources ("DLNR"), Nancy McMahon, in her official capacity as the current Administrator of the SHPD, and Laura Thielen, in her official capacity as the Director of the DLNR

---

[1] The facts in this order are recited for the limited purpose of deciding Plaintiff's motion in limine and may not be construed as findings of fact upon which the parties may rely in future proceedings in this case.

(collectively, "State Defendants").[2/]  Plaintiff asserts that the State and Chinen violated a number of NAGPRA's policies and that the violations are ongoing under Thielen and McMahon.  3d Am. Compl. ¶ 164.  Implicit in this claim is an assertion that the SHPD's inventories of human remains and associated funerary objects ("Inventories") are insufficient under NAPGRA's inventory requirements, 25 U.S.C. § 3003.  He filed a motion for summary judgment as to that claim, but the motion was denied because there were genuine issues of material fact as to whether the SHPD was in compliance with NAGPRA.

On August 20, 2009, the discovery deadline, Plaintiff filed a motion to compel and for discovery abuse sanctions based on the State Defendants' failure to make disclosures and respond to a request for production of documents relating to, among other things, the Inventories.  On August 26, 2009, Magistrate Judge Leslie E. Kobayashi entered an order denying the motion as untimely in light of her amended scheduling order.

On October 1, 2009, Plaintiff filed a motion in limine for discovery abuse and failure to disclose ("Pl.'s Mot.") and a memorandum in support ("Pl.'s Mem."), essentially requesting an order sanctioning the State Defendants pursuant to Fed. R. Civ.

---

[2/] Plaintiff also advanced a First Amendment retaliation claim based on his prior employment at the SHPD.  However, on September 23, 2009, the Court entered summary judgment as to that claim in favor of the State Defendants and Chinen, in her individual capacity.

P. 37(c) for failing to respond to a discovery request and to disclose the Inventories and documents relating to museum accession and curatorial practices of human remains, as required by Fed. R. Civ. P. 26(a) and (e).  On October 5, 2009, the State Defendants filed an opposition to the motion ("St. Defs.' Opp'n").  On October 16, 2009, the Court held a hearing on the motion.

### DISCUSSION

Plaintiff asks the Court to sanction the State Defendants by excluding any copies of the Inventories that they seek to introduce at trial and by making a negative inference against them for their failure to disclose or produce the Inventories and documents relating to museum accession and curatorial practices of human remains.  Pl.'s Mot. 1-2; Pl.'s Mem. 10-11.  He appears to premise this request for sanctions on Fed. R. Civ. P. 37(c).  See Pl.'s Mem. 3, 10.

Before reviewing that provision, it is helpful to start with an examination of Fed. R. Civ. P. 26(a), which states that a party must provide to the other parties "a copy—or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  "A party who has made a disclosure under Rule 26(a)—or who has

responded to a[] . . . request for production . . . —must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Here is where Fed. R. Civ. P. 37(c) comes into play. It directs that, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard," may "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," Fed. R. Civ. P. 37(c)(1)(C), one of which is an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," Fed. R. Civ. P. 37(b)(2)(A)(i). Sanctions under Fed. R. Civ. P. 37(c) are "automatic in the sense that there is no need for the opposing party to make a motion to compel disclosure, as authorized by Rule 37(a)(2)(A) in order to compel a further disclosure, as a

predicate for imposition of the sanction of exclusion." 8A Charles Alan Wright et al., Federal Practice and Procedure § 2289.1, at 704 (2d ed. 1994). In short, the rule serves to sanction a party for his failure to disclose information or produce documents in response to a discovery request.

"Although [Fed. R. Civ. P. 37(c)] does not establish any express time limits within which a motion for sanctions must be filed, unreasonable delay may render such a motion untimely." Long v. Howard Univ., 561 F. Supp. 2d 85, 91 (D.D.C. 2008). But see 1st Source Bank v. First Res. Fed. Credit Union, 167 F.R.D. 61, 64 (N.D. Ind. 1996) (holding that "the analysis under Rule 37(c)(1) is not affected by [a party's] ability to bring its motion earlier"). "The timeliness of a motion for sanctions depends on such factors as when the movant learned of the discovery violation, how long he waited before bringing it to the court's attention, and whether discovery has been completed." Long, 561 F. Supp. 2d at 91. For example, in Freeman v. Allstate Life Insurance Co., 253 F.3d 533 (9th Cir. 2001), the plaintiff filed a motion in limine seeking to preclude the defendant from offering evidence of its underwriting criteria for the reason that the defendant had allegedly failed to produce documents relating to its underwriting criteria pursuant to a discovery request. Id. at 535. The district court denied the motion because the plaintiff had failed to prosecute the issue before

the magistrate judge as required by a final pretrial order and a local rule.  See id. at 535, 537 (citing E.D. Cal. Local Rule 72-302(c)); see also E.D. Cal. Local Rule 72-302(c)(1) (providing that magistrate judges have the duty to decide "[a]ll discovery motions, including Fed. R. Civ. P. 37 motions").  The Ninth Circuit affirmed, concluding that the district court did not abuse its discretion in denying the motion in limine on that basis.  Freeman, 253 F.3d at 537.

In the present matter, on January 28, 2009, Judge Kobayashi entered an amended scheduling order, which set the discovery deadline for August 20, 2009, and provided that, "[u]nless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 . . . shall be heard no later than thirty (30) days prior to the discovery deadline."  Plaintiff's motion in limine seeks sanctions pursuant to Fed. R. Civ. P. 37, and it was filed over a month after the discovery deadline on October 1, 2009.  Thus, the question is whether he should be permitted to seek discovery sanctions at this stage in the proceedings.  Given that discovery has already closed and Plaintiff's motion was filed after the discovery deadline, the principal consideration is when he learned of the discovery violations that he alleges.  See Long, 561 F. Supp. 2d at 91.

Plaintiff appears to contend that the State Defendants should have disclosed the SHPD's Inventories pursuant to Fed. R. Civ. P. 26(e).  Pl.'s Mot. 1-2; Pl.'s Mem. 2-3.  He testified in a declaration as to his time working at the SHPD as the Branch Chief Archeologist in 2005 and his observations regarding division's Inventories.  Pl.'s Mot. for Summary Judgment Concise Statement of Facts, Pl.'s Decl. ¶¶ 18, 23-27.  Thus, it would appear that Plaintiff knew of the SHPD's Inventories throughout the course of this case, which was initiated in November of 2007.  He must have been aware that the State Defendants had not disclosed those Inventories, yet he did not raise the non-disclosure issue with the Court until he filed his motion to compel and for discovery abuse sanctions on August 20, 2009, the discovery deadline.

Apart from challenging the State Defendants' disclosures, Plaintiff asserts that they failed to respond to his first request for production of documents.  He decided to serve the State Defendants with his first request on May 14, 2009, just three months before the discovery deadline of August 20, 2009.  Pl.'s Mem., Beatty's Decl. ¶¶ 4, 6.  Plaintiff asked that the State Defendants produce "[a]ll documents concerning museum accession, inventory, and curatorial practices of human remains by [the] SHPD."  Pl.'s Mem., Ex. A at 14.  He noted that the State Defendants' response was due within thirty days of service

pursuant to Fed. R. Civ. P. 34.  Id. at 2.  On June 19, 2009, the State Defendants served their response, advising Plaintiff that all responsive documents in their possession, custody, or control would be made available to him for inspection and copying at a mutually convenient date and place.  St. Defs.' Opp'n 2. Plaintiff did not follow up and make a request to review and copy documents, but he did ask that all documents be produced by copying them onto DVDs.  Id.  Plaintiff asserts the State Defendants did not produce documents until August 11, 2009, whereas the State Defendants maintain that they served their first supplemental response on August 7, 2009.  Pl.'s Mem., Beatty's Decl. ¶ 6; St. Defs.' Opp'n 2.

In any event, by letter dated August 17, 2009, Plaintiff's counsel expressed concern to the State Defendants' counsel that no documents had been produced regarding the "museum accession, inventory, and curatorial practices of human remains by [the] SHPD."  Pl.'s Mem., Ex. B at 2.  Plaintiff raised this issue with the Court on August 20, 2009, the discovery deadline, when he filed a motion to compel discovery and for discovery sanctions pursuant to Fed. R. Civ. P. 37.  He sought sanctions based on the State Defendants' failure to, among other things, produce documents relating to inventory surveys, curatorial practices, and museum accession.  On August 26, 2009, Judge Kobayashi entered an order denying the motion as untimely in

8

light of her amended scheduling order. On September 4, 2009, the State Defendants produced a second supplemental response, which included the Inventories.[3]

Plaintiff could have but chose not to appeal Judge Kobayashi's order. See D. Haw. Local Rule 74.1; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Instead, he waited over a month until October 1, 2009, just nineteen days before trial, to file his motion in limine, which advances the same arguments that he made in his earlier motion to compel discovery and for discovery abuse sanctions. His objections to the State Defendants' disclosures and discovery responses are untimely under Judge Kobayashi's amended scheduling order. See Freeman, 253 F.3d at 535, 537. Furthermore, given that Plaintiff has been in possession of the Inventories for approximately a month and a half, the Court finds that he has not been prejudiced by the State Defendants' belated production. Accordingly, Plaintiff's motion in limine will be denied.[4]

---

[3] The State Defendants note that the copies of the Inventories that they will be submitting as trial exhibits have been modified since they were served on Plaintiff. St. Defs.' Opp'n 3. The State Defendants explain that the Inventories are Microsoft Excel spreadsheet documents that are regularly updated. Id.

[4] Because the Court will deny the motion in limine as untimely, it need not address the State Defendants' contention that Plaintiff's failure to appeal Judge Kobayashi's order rendered the order the law of the case.
    In addition, the Court notes that the injunctive relief that
(continued...)

**CONCLUSION**

In light of the foregoing, the Court denies Plaintiff's motion in limine.

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, October 19, 2009.



_____
Alan C. Kay
Sr. United States District Judge

Brown v. Hawaii, Civ. No. 07-00556 ACK-LEK:  Order Denying Plaintiff's Motion in Limine

---

⁴/(...continued)
Plaintiff seeks would operate to enjoin future violations of NAGPRA's inventory requirements by the SHPD.  Thus, the Court would have to find whether or not the SHPD's current Inventories satisfy NAGPRA before issuing an injunction.

10