Mark S. Beatty, HSBA #8070
PO Box 5465
Kaneohe, Hawaii 96744
Telephone and Fax (808) 247-1685
Email: info@tbadk.com

Attorney for Plaintiff
DAVID BROWN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID BROWN, | ) CV. NO. CV07 00556 ACK LEK |
| | ) |
| Plaintiff, | ) PLAINTIFF'S MEMORANDUM IN |
| vs. | ) OPPOSITION TO DEFENDANT |
| | ) MELANIE CHINEN'S MOTION |
| | ) FOR ATTORNEY FEES AND |
| STATE OF HAWAII; MELANIE | ) COSTS; |
| CHINEN; DOES 1-25, | ) CERTIFICATE OF SERVICE; |
| | ) |
| Defendants, | ) |
| _____ | ) |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
MELANIE CHINEN'S MOTION FOR ATTORNEY FEES AND COSTS

I.   INTRODUCTION

The factual basis for CHINEN's motion for fees and CHINEN's Rule 11

motion rise or fall on whether Plaintiff filed a frivolous claim. Plaintiff, therefore,

incorporates all argument, case law and exhibits of his Opposition to Defendant

CHINEN's Motion for Rule 11 Sanctions, filed at the same time as this Opposition.

Defendant MELANIE CHINEN, through her attorney William Wynhoff now seeks to pick the daily double, Fed.R.Civ.P 11 sanctions against Plaintiff DAVID BROWN'S attorney and attorney fees and costs against the Plaintiff himself. Neither of these motions are well taken nor well supported. The motions are essentially premised upon the fact that Defendant Chinen was successful in her motion for summary judgment and that the Plaintiff was not. Wynhoff continues using a sarcastic demeaning tone which is unsupported by the facts or the law.

II.   <u>FACTS</u>

Plaintiff incorporates the facts set forth in his Opposition to CHINEN's Rule 11 Motion, filed at the same time as this Opposition.

Conspicuous by its absence from Mr. Wynhoff's Memorandum in Support is any reference to Judge Kay's September 23, 2009 decision granting Defendant Melanie Chinen's motion for summary judgment. Mr. Wyhoff, on behalf of Defendant MELANIE CHINEN, uses the following words and phrases throughout his Memorandum in Support of the Rule 11 motion (doc no 208-2) against Plaintiff DAVID BROWN's attorney, Mark Beatty: 1) "**<u>no evidence whatsoever</u>**" (pp. 1, 3); 2) "**allegedly protected speech**" (pp 1,6); 3) **"…never was any evidentiary**

2

**support for the factual contentions of the Third Amended Complaint**" (p. 1);

4) **"…never had a shred of evidence to support a critical factual element of his**

**complaint**" (p. 10); 5) **"…cannot have "conducted a reasonable and competent**

**inquiry before signing and filing it."** (p.10); 6) "**Plaintiff's counsel did not**

**investigate or understand the requirements of plaintiff's claims from the very**

**beginning.**" (p.11); and 7) **"[a]ll of these claims were frivolous and without**

**legal or factual merit**" (p.12). In his memorandum in support of the motion for

attorney fees and costs (doc no. 207-2), Mr. Wynhoff adds the following

phrases/words to his argument that the claims in Plaintiff's Third Amended

Complaint were frivolous and without merit: 1) **"palpably frivolous on their**

**face"**; 2) **"implausibly at odds with the original allegation"**; and 3) **"new**

**allegations were frivolous and without foundation".**A keyword and phrase

search of Judge Kay's thirty-four (34) page September 23, 2009 Order Granting

Chinen's Motion for Summary Judgment And The State Defendants's Joinders

Therein And Denying Plaintiff's Motion For Summary Judgment fails to pull up

any of these words or phases. In fact, there is nothing in the September 23, 2009

Order that would remotely indicate that Judge Kay felt that the lawsuit was

unreasonable, frivolous, without foundation, or vexatious, so as to justify an award

of attorney fees and costs to CHINEN pursuant to § 1988. For all of Mr.

Wynhoff's sound and fury, this is simply an instance where one party prevailed on

a summary judgment motion. Not being content with possible attorney fees and

costs, Mr. Wynhoff has also moved for Rule 11 sanctions against the Plaintiff's

attorney. The factual basis for each is the same for both the Motion for Attorney

Fees and the Motion for Rule 11 Sanctions.

It is questionable whether CHINEN actually won, as evidenced by the

Declarative relief provided by the COURT:

> Plaintiff should be commended for bringing his NAGPRA claim. As
> the State Defendants' counsel acknowledged in his opening statement,
> the claim effectively brought certain issues of noncompliance to light.
> See 10/21/09 Tr. 96:17–22 (St.' Defs.' Counsel) ("In a very perverse
> way, my client has to thank Mr. Brown for bringing this case. (See
> Exhibit 2, at 20).

III.   ARGUMENT

A)   PLAINTIFF DAVID BROWN'S THIRD AMENDED COMPLAINT
IS NEITHER BASELESS, NOR WAS IT BROUGHT WITHOUT A
REASONABLE AND COMPETENT INQUIRY.

The core of Mr. Wynhoff's Fed.R.Civ.P. 11 motion is that because Plaintiff

did not prevail at summary judgment, CHINEN is entitled to attorney fees pursuant

to 42 U.S.C. § 1988 . The court in *Vernon v. City of Los Angeles*, 27 F.3d 1385,

1402 (9th Cir. 1994) stated:

> We deny the defendants' request for attorneys' fees pursuant to
> 42 U.S.C. § 1988. The same standard is applied when analyzing
> requests for attorneys' fees at both the trial and appellate levels. *See*
> *Patton v. County of Kings,* 857 F.2d 1379, 1381 (9th Cir.1988).

The authorization of an award of attorneys' fees under 42 U.S.C. § 1988 applies differently to prevailing defendants than to prevailing plaintiffs. Plaintiffs prevailing in a civil rights action should ordinarily recover attorneys' fees unless special circumstances would render such an award "unjust." **However, a prevailing defendant should not routinely be awarded attorneys' fees simply because he has succeeded, but rather only where the action is found to be "unreasonable, frivolous, meritless, or vexatious."** *Roberts v. Spalding,* 783 F.2d 867, 874 (9th Cir.), *cert. denied,* 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 352 (1986) (internal citations omitted). **Thus the mere fact that a defendant prevails does not automatically support an award of fees.** *Patton,* 857 F.2d at 1381; *Coverdell v. Department of Social & Health Serv.,* 834 F.2d 758, 770 (9th Cir.1987). [**emphasis added**].

The foundation of CHINEN's claim that she is entitled to attorney fees and costs is expressed in the following passage from her memorandum in support at p. 13 (doc no. 207-2) where she states:

> In our case, it should have been obvious right from the start that the claim was without merit. The most cursory review of First Amendment law would have revealed the important distinction between speech as a private citizen (possibly protected) and speech as a public employee (not protected).

In its September 23, 2009 Order (doc no. 204), the Court spent ten (10) pages of a thirty-four (34) page order discussing what CHINEN dismisses in a paragraph above. In finally concluding that the Plaintiff spoke as an employee and not as a private citizen, the Court at pp 19-20 held:

> Based on Plaintiff's concessions, along with his job

description and his statements at the two meetings, it would appear that his various recommendations to Chinen regarding certain development projects were made pursuant to his official duties. There is no evidence that these particular statements were made during off hours. See Posey, 546 F.3d at 1124–25. Nor were they made to the public, an ethics commission, or a legislator. See Alaska, 564 F.3d at 1069–70; Marable, 511 F.3d at 927; Freitag, 468 F.3d at 545. They were made directly to Chinen, up the chain of command, and in light of Plaintiff's official functions of advising his supervisor and reviewing permits. See Huppert, 574 F.3d at 705. The only statements that he made to Chinen that do not appear to concern his permit review duties involved a "Walmart" project. 3d Am. Compl. ¶ 30.b.

Plaintiff claims that he objected when Chinen "coerced" him to represent her, the SHPD, and the State in matters pertaining to the project. Id. There can be no doubt that Plaintiff's objection was made pursuant to his public-relations duties and in the course of advising his supervisor.

Taking the facts in the light most favorable to Plaintiff, ***the Court nevertheless finds as a matter of law that he was speaking not as a citizen,*** but as the Branch Chief Archeologist of the SHPD and pursuant to his official duties, when he voiced his concerns to Chinen. The Court will therefore grant Chinen's motion for summary judgment, and the State Defendants' joinders therein, as to Plaintiff's First Amendment retaliation claim set forth in Count I of the Third Amended Complaint insofar as the claim is premised on the statements that he made to Chinen and at the September 28, 2005 and October 5, 2005 meetings. The Court will now turn its attention to the issue of causation. [***emphasis added***]

The Court plainly ruled against the Plaintiff on this issue, but nothing in its opinion indicates that it felt or found that the Plaintiff's lawsuit was unreasonable, frivolous, meritless, without foundation or vexatious. None of the hyperbolic language used by the Defendant in each of her memorandums in support (doc nos.

207-2 and 208-2) is to be found in the Court's September 23, 2009. No statements like "meritless claims", "new allegations were frivolous and without foundation", or "palpably frivolous on their face" or other such hyperbole are to be found in Judge Kay's September 23, 2009 order. In determining that Defendant MELANIE CHINEN did not learn of the Plaintiff's statements, Judge Kay stated:

> Viewing the evidence in the light most favorable to Plaintiff, the Court nonetheless finds as a matter of law that Chinen was not aware of Plaintiff's statements to the auditor, Greer, individuals in the leadership class, various people in the community, many friends, and Dr. Peterson before the decision was made not to renew Plaintiff's employment. Those statements were therefore not substantial or motivating factors in the decision. The Court will accordingly grant Chinen's motion for summary judgment, and the State Defendants' joinders therein, as to Plaintiff's First Amendment retaliation claim in Count I of the Third Amended Complaint insofar as the claim is premised on Plaintiff's statements to the union representative, the Hawai'i Legislature, Masuda, the auditor, Greer, individuals in the leadership class, various people in the community, many friends, and Dr. Peterson. Having reviewed all of Plaintiff's statements and found that they were made pursuant to his official duties or were not substantial or motivating factors in the adverse employment action, the Court will dismiss his First Amendment retaliation claim in its entirety. [footnote omitted]

Order (doc no. 204) at p. 28.

While there are few nice ways for a plaintiff to hear that his or her lawsuit is being dismissed on a defendant's summary judgment motion, there is nothing here to indicate that the Court found the Third Amended Complaint to be without

foundation, frivolous, unreasonable, or vexatious. Those claims by CHINEN are purely her (and her attorney's) inventions. The court in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22, 98 S.Ct 694 (1978) admonished that:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.

> Adopting the facts and arguments in the Motion for Rule 11 Sanctions, it

appears that in this motion as well, Wynhoff essentially wants to Court to reward CHINEN for lying in her June 1, 2006 letter to Plaintiff. In that June 1, 2006 letter, CHINEN herself pretty much said, "everyone in the world was talking to me about David Brown." After 10 depositions, it appears that the only people talking to CHINEN were employees under her tyrannical thumb.

## B) BROWN DID AN ADEQUATE INVESTIGATION OF THE FACTS

Prior to filing his lawsuit, Plaintiff had the June 1, 2006 letter which he included as an Exhibit. This letter contained an admission that CHINEN in fact fired Plaintiff because of what others told her.

This letter specifically states:

> *I explained that I had received complaints from all of his staff, the private archaeology community, and the Hawaiian community.* I explained that the complaints stemmed from his changing policy single-handedly and inconsistently applying these changes. I brought up the issue of requiring archaeology inventory survey plans (ISPs).

Mr. Brown indicated it is required by the rules. I asked is it a requirement or allowed? He could not answer and stated he would need to read the rules. I told Mr. Brown he could not make policy changes on his own and that I had constantly been reminding him of the need to discuss any proposed changes with me. I explained that his professional staff felt belittled by him and that their opinion did not matter. They had expressed to me that they felt they could not offer their opinions because he is perceived as doing things his way only. I explained that he could not be a leader if his team refused to follow. (Exhibit 2 at 6, *emphasis added*).

C) BROWN WON ON THE FACTS AND THEREFORE CANNOT BE ACCUSED OF NOT HAVING FACTS.

The memoranda and orders indicate that Brown, as a matter of law NOT as a factual matter, lost because it was determined he spoke not as a citizen but as an employee. In fact, Brown arguable won declaratory relief in the NAGPRA claim based on the facts. Wynhoff did not and cannot claim that Brown had no facts when Brown in fact won on the facts.

Under Brown's legal theory, the speech to CHINEN herself, and the subsequent pretextual failure to renew Plaintiff's contract, should be sufficient to support a First Amendment claim. Brown lost here because of the Court's interpretation of speaking as a "citizen" verses an "employee." Just because CHINEN's own claims that others told her turned out to be false, does not diminish the other facts supporting a First Amendment claim.

IV.   CONCLUSION

If every plaintiff who lost a summary judgment motion were subject to § 1988 attorney fees and costs, then the doors to this Federal Courthouse would soon be closed to most, if not all, civil rights claims. In light of the chilling effect from such a policy, what lawyer in his or her right mind would continue to represent litigants in civil rights cases in Federal Court? There may be rare instances where a plaintiff should be subject to a defendant's claim for attorney fees pursuant to § 1988, but this is not that instance.

Plaintiff had enough factual basis for his claims as to win declaratory relief on his NAGPRA claim, a claim against, among others, CHINEN in her professional capacity. It is simply silly for Defendant to ask for fees just because CHINEN's admission, in her June 1, 2006 letter concerning CHINEN having talked to others about Plaintiff, turned out to be a lie.

DATED: Kaneohe, Hawaii November 25, 2009

/s/ Mark S. Beatty, MA, THM, PHD, MBA, JD
Attorney for Plaintiff
DAVID BROWN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID BROWN, | ) CV. NO. CV07 00556 ACK LEK |
| | ) |
| Plaintiff, | ) |
| vs. | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) |
| STATE OF HAWAII; MELANIE | ) |
| CHINEN; NANCY MCMANN IN HER | ) |
| OFFICIAL CAPACITY, LAURA | ) |
| THIELEN IN HER OFFICIAL | ) |
| CAPACITY, DOES 1-25, | ) |
| | ) |
| Defendants, | ) |
| _____ | ) |

CERTIFICATE OF SERVICE

Services was sent through CM/EFC to:
Nancy Albano
Nancy.Albano@hawaii.gov,atg.crld.efiling@hawaii.gov,sharon.j.Santana@hawaii.gov,Marnie.A.Goo@hawaii.gov

Dennis K. Ferm
dennis.k.ferm@hawaii.gov,karen.m.yee@hawaii.gov,ATG.CRLD.efiling@hawaii.gov,gladys.wong@hawaii.gov

**John M. Cregor , Jr**
John.M.Cregor@hawaii.gov,ATG.CRLD.efiling@hawaii.gov,Karen.Takenaka@hawaii.gov,Marnie.A.Goo@hawaii.gov

**William J. Wynhoff**
bill.j.wynhoff@hawaii.gov,edwin.a.blancaflor@hawaii.gov

DATED: Kaneohe, Hawaii November 25, 2009

/s/ Mark S. Beatty MA, THM, PHD, MBA, JD

11