IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID BROWN,<br><br>      Plaintiff,<br><br>   vs.<br><br>MELANIE CHINEN, LAURA THIELEN, in her Official Capacity, NANCY MCMAHON, in her Official Capacity, STATE OF HAWAII, DOES 1-20,<br><br>      Defendants.<br>_____ | CIVIL NO. 07-00556 ACK-LEK |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S**
**<u>OBJECTIONS TO DEFENDANT MELANIE CHINEN'S BILL OF COSTS</u>**

Before the Court, pursuant to a designation by Senior United States District Judge Alan C. Kay, is Plaintiff David Brown's ("Plaintiff") Memorandum in Opposition to Defendant Melanie Chinen's Memorandum in Support of Bill of Costs, filed on November 23, 2009, which the Court construes as his objections ("Objections"). Defendant Melanie Chinen, in her individual capacity ("Chinen"), filed her Memorandum in Support of Bill of Costs ("Bill of Costs") on October 1, 2009. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions, the Court FINDS AND RECOMMENDS that Plaintiff's Objections should be

DENIED.  The Court RECOMMENDS that the district judge tax costs in favor of Chinen and against Plaintiff in the amount of $7,738.46.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural history of this case.  This Court will therefore only discuss the events that are relevant to the Bill of Costs and the Objections.

Plaintiff previously worked for the State Historic Preservation Division ("SHPD") as the Branch Chief Archeologist. Chinen was his supervisor.  The instant case arose from Chinen's decision not to renew Plaintiff's appointment.

On June 13, 2008, Plaintiff filed his First Amended Complaint ("FAC") against Chinen and the State of Hawai`i ("the State").  The FAC alleged the following claims: a § 1983 claim for retaliation against the State and Chinen in her individual capacity; and violation of the Native American Graves Protection and Repatriation Act ("NAGPRA") against the State.  The parties later stipulated to allow Plaintiff to amend his FAC.  The stipulation provided that any answers to the Second Amended Complaint ("SAC") would be based on the district judge's rulings on the pending motions to dismiss the FAC.[1]  The SAC clarified

---

[1] Plaintiff apparently did not file the SAC as a separate document.  The stipulation refers to the copy of the SAC attached
(continued...)

2

that Plaintiff's NAGPRA claim was against the State, Melanie Chinen, Laura Thielen, and Nancy McMahon in their official capacities (collectively "State Defendants"). In light of the stipulation, the district judge allowed the parties to submit supplemental memoranda regarding the motions to dismiss. On February 10, 2009, the district judge issued an Order: (1) Granting in Part and Denying in Part Defendants' Motions to Dismiss the Second Amended Complaint; and (2) Granting Plaintiff Thirty Days Leave to Amend the Complaint.

Plaintiff filed his Third Amended Complaint ("TAC") on March 12, 2009. The TAC named the same defendants and alleged the same claims for relief, but contained some addition factual allegations. Chinen filed a motion for summary judgment on June 15, 2009, and the State Defendants filed a joinder on June 18, 2009. Plaintiff filed a motion for summary judgment on the NAGPRA claim on June 19, 2009. On September 23, 2009, the district judge issued an order granting Chinen's motion and the State Defendants' joinder and denying Plaintiff's motion ("Summary Judgment Order").

The district judge conducted a nonjury trial on the NAGPRA claim from October 20, 2009 to October 27, 2009. On November 13, 2009, the district judge issued his Findings of Fact

---

[1](...continued)
to the Motion to Amend Plaintiff's First Amended Complaint, filed October 10, 2008.

and Conclusions of Law and Decision as to Plaintiff's NAGPRA Claim ("NAGPRA Decision"). The district judge ruled, *inter alia*, that the State Defendants were entitled to judgment on the NAGPRA claim. On November 30, 2009, the Clerk of the Court entered the final judgment, pursuant to the Summary Judgment Order and the NAGPRA Decision, against Plaintiff and in favor of State Defendants, and in favor of Melanie Chinen in her individual capacity.

In the instant Bill of Costs, Chinen seeks the taxation of the following costs:

| | |
|---|---|
| Fees for service of summons and subpoena | $ 295.00 |
| Fees of the court reporter | $5,983.64 |
| Witness fees | $ 150.00 |
| Copying fees | $1,729.32 |
| **Total** | **$8,157.96** |

[Bill of Costs at 1.] Chinen attached supporting documents for each cost request.[2] [Bill of Costs, Decl. of William J. Wynhoff ("Wynhoff Decl."), Exh. 1 (spreadsheet of costs), Exhs. 2-21

---

[2] The Court notes that Chinen also argued that the Court should address her Bill of Costs before the entry of final judgment. This argument is moot because the Clerk of the Court entered final judgment on November 30, 2009.
  Further, because final judgment was not entered until November 30, 2009, the Court deems Plaintiff's Objections to be timely, even though he did not file them within eleven days after being served with the Bill of costs. See Local Rule LR54.2(b) (effective June 2, 2003) ("Unless otherwise ordered by the court, a Bill of Costs shall be filed and served within thirty (30) days of the entry of judgment[.]"), LR54.2(d)1. (effective June 2, 2003) ("Within eleven (11) days after a Bill of Costs is served, the party against whom costs are claimed must file and serve any specific objections[.]").

(supporting documents).]

In his Objections, Plaintiff points out that he sued Chinen in her official capacity and her individual capacity, and she went to trial in her official capacity on the NAGPRA claim. At trial, counsel for the State Defendants acknowledged that Plaintiff brought certain issues of noncompliance with NAGPRA to light and, in the NAGPRA Decision, the district judge stated that Plaintiff should be commended for bringing the NAGPRA action. The district judge also noted that, as a result of this case, SHPD began consultation with the National NAGPRA Program in an effort come into compliance with NAGPRA.  Plaintiff characterizes the district judge's statements as declarative relief and Plaintiff argues that, although Chinen prevailed on the First Amendment retaliation claim, she did not prevail in the action as a whole.

Assuming, *arguendo*, that Chinen is entitled to costs, Plaintiff argues that she has not established that all of the depositions and copies of documents for which counsel seeks reimbursement were necessary for Chinen's defense.  Plaintiff suggests that Chinen's counsel incurred costs for the defense of the State Defendants, noting that Chinen's counsel and the State Defendants' counsel are from the office.

**DISCUSSION**

I.  **Entitlement to Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Plaintiff's first objection is that Chinen is not entitled to taxable costs because she is not the prevailing party.

Plaintiff argues that he prevailed on his claim for declaratory relief with regard to the NAGPRA claim.[3]  Chinen, however, was not named as a defendant in her individual capacity in Plaintiff's NAGPRA claim.  The TAC only named Chinen, in her individual capacity, as a defendant in Plaintiff's First Amendment retaliation claim.  The Summary Judgment Order granted summary judgment on the retaliation claim in favor of Chinen, in her official capacity.  On November 30, 2009, the Clerk of the Court entered final judgment, *inter alia*, in favor of Chinen, in her individual capacity, pursuant to the Summary Judgment Order.

This Court therefore FINDS that Chinen, in her

---

[3] The Court notes that, on November 27, 2009, Plaintiff filed his Motion for Attorney Fees based on his theory that the district judge ordered declaratory relief in his favor on the NAGPRA claim, and, on December 14, 2009, the State Defendants filed a Bill of Costs.  The Court makes no findings as to those matters at this time.

individual capacity, was the prevailing party for purposes of Rule 54(d)(1). The Court RECOMMENDS that the district judge DENY Plaintiff's Objections as to his claim that Chinen was not the prevailing party.

## II. Calculation of Costs

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c).

"Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)). Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### A. **Transcripts**

Plaintiff objects to the Bill of Costs on the ground that Chinen has not demonstrated that the transcripts which her counsel ordered were necessary for her defense. He alleges that they were actually used for the defense of the State Defendants.

Chinen's request for deposition transcript costs consists of the following:

| | |
|---|---:|
| Original and one copy of Step 1 meeting on 8/11/06 | $ 491.10 |
| Original and one copy of Plaintiff's testimony to the state legislature on 4/12/07 | $ 276.44 |
| Original and one copy of Grace Pascual's deposition | $ 701.08 |
| Original and one copy of David Brown's deposition | $1,255.26 |
| Original and one copy of Robert Masuda's deposition | $ 195.29 |
| Original and one copy of Melanie Chinen's deposition | $ 875.47 |
| Original and one copy of Erline Greer's deposition | $ 909.41 |
| Original and one copy of Linda Paik's deposition | $ 395.50 |
| Original and one copy of Keola Lindsey's deposition | $ 399.90 |
| Original and one copy of Laura Thielen's deposition | $ 226.60 |
| Original and one copy of Joseph Kennedy's deposition | $ 257.59 |
| **Total** | **$5,983.64** |

[Exhs. 1, 3-4, 9-10, 14-20 to Wynhoff Decl.]

Local Rule 54.2(f)(2) states, in pertinent part:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.

Plaintiff objects that Chinen has not established that all of these transcripts were necessarily obtained for use in her defense, as opposed to the defense of the State Defendants.

Chinen states that each of the depositions, except for those of Grace Pascual and Plaintiff, were taken by Plaintiff and the deponents were people who he listed on his trial witness list.[4] All of the depositions took place before the hearing on Chinen's motion for summary judgment. She reasonably expected, at the time of each deposition, that it would be necessary for trial or for the motion for summary judgment. [Wynhoff Decl. at ¶ 6.] Grace Pascual is Plaintiff's wife. She sent and received a number of e-mails about the non-renewal of Plaintiff's contract. Chinen reasonably expected to call both Plaintiff and Ms. Pascual at trial and she reasonably expected that their depositions would be necessary for use at trial. [Id. at ¶ 7.]

Clearly, Chinen reasonably expected, at the time of the depositions, that Plaintiff's deposition and her deposition would be used for trial preparation, and not mere discovery. Grace Pascual, Robert Masuda, Erline Greer, Keola Lindsey, Laura Thielen, and Joseph Kennedy were all identified as witnesses regarding liability, causation, damages, and/or other relevant matters in Chinen's Amended and Supplemental Initial Disclosures. [Dkt. no. 106, filed 4/14/09.] This Court

---

[4] The trial, however, only addressed the NAGPRA claim, in which Chinen was not named as a defendant in her individual capacity. Thus, the inclusion of these witnesses in Plaintiff's trial witness list does not establish that, at the time of their depositions, Chinen, in her individual capacity, reasonably expected that she would use the depositions for trial preparation.

therefore finds that Chinen reasonably expected, at the time of these depositions, that the depositions would be used for trial preparation, and not mere discovery.  That the deposition transcripts may also have been useful to the State Defendants does not affect Chinen's request.  Although counsel for the State Defendants and counsel for Chinen are part of the same office, they provided separate representation to their respective clients.  The Court FINDS that Chinen's costs for the deposition of Plaintiff, herself, Grace Pascual, Robert Masuda, Erline Greer, Keola Lindsey, Laura Thielen, and Joseph Kennedy are taxable in the full amount of $5,588.14.

This Court, however, is unable to determine how Linda Paik's testimony related to Plaintiff's claims against Chinen in her individual capacity.  The Court therefore cannot find that, at the time of Ms. Paik's deposition, Chinen reasonably expected that it would be used for trial preparation and not mere discovery.  The Court will allow Chinen to submit further declarations and/or supporting documentation justifying her costs for Ms. Paik's deposition.  Thus, at this time, the Court RECOMMENDS that Plaintiff's Objections be GRANTED IN PART AND DENIED IN PART as to Chinen's transcript costs.

    B.    **Copying Fees**

Plaintiff objects to Chinen's copying fees, arguing that she has not established that the copies were necessary for

her defense, as opposed to the defense of the State Defendants. As noted, *supra*, the fact that the documents copied may also have been useful to the State Defendants does not mean that the copying costs are not taxable for Chinen.  These costs are taxable to Chinen if the Bill of Costs satisfies the requirements of the applicable statutes and rules.

Chinen seeks taxation of the following fees for copies from outside vendors:

```
Copies of Plaintiff's discovery documents    $   624.87
Grace Pascual deposition                     $    15.00
Nishihama & Kishida deposition               $    15.00
Records deposition of Nishihama and Kishida  $    82.72
Records depositions of Lenox Metals LLC,     $   578.85
   Hawai`i Int'l Env. Servs., Garcia & Ass.
DVDs of testimony before the state           $   230.37
   legislature on April 11, 12, 17, & 18, 2007
Erline Greer deposition                      $    15.00
Additional documents produced by Plaintiff   $   167.51
                              Total          $1,729.32
```

[Exh. 1 to Wynhoff Decl.]  Chinen produced an invoice in support of each expense.  [Exhs. 2, 5-8, 11-13 to Wynhoff Decl.] According to Chinen's counsel, part of Plaintiff's claims were based on the Nishihama & Kishida audit, and Plaintiff previously worked at Lenox Metals, Garcia & Associates, and Hawai`i International Environmental Services.  Thus, Chinen reasonably believed that the records of each of these entities would contain admissible evidence valuable to her case.  Chinen had to review Plaintiff's testimony to the legislature because it was an integral part of his claims.  She obtained several different days

11

of testimony because she did not know the precise date of Plaintiff's testimony and she also wanted to review the testimony of other potential witnesses in this case. Chinen's counsel also needed to review the almost 6,000 pages of documents that Plaintiff produced during discovery. [Wynhoff Decl. at ¶¶ 10-11.]

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable.

Local Rule LR54.2(f)(4). Based on Chinen's submissions and this Court's knowledge of the case, the Court finds that Chinen's copies were necessarily obtained for use in this case and that the actual costs charged by the commercial copiers which Chinen's counsel used were reasonable. Further, although Chinen did not specifically address this requirement, the Court finds that the copies were not merely for the use and convenience of Chinen or her counsel. For example, Plaintiff produced almost 6,000 pages of documents in discovery, [Wynhoff Decl. at ¶ 10,] but Chinen's counsel only seeks taxation of 4,500 copies. [Exhs. 2, 13 to Wynhoff Decl.] Counsel apparently only copied the necessary

12

documents.

This Court therefore FINDS that Chinen's copying costs are taxable in full and RECOMMENDS that the district judge DENY Plaintiff's Objections as to Chinen's copying costs.

### C. Other Cost Requests

Although Plaintiff did not raise other objections to Chinen's Bill of Costs, insofar as this Court cannot tax costs beyond those enumerated in § 1920, see Crawford Fitting, 482 U.S. at 441-42, this Court must review Chinen's other request items to determine if they are taxable.

### 1. Service Fees

Chinen requests $295.00 in service of process fees for the following witnesses to appear at their respective depositions:

| | | |
|---|---|---|
| Grace Pascual | April 29, 2009 | $ 27.50 |
| Nishihama & Kishida | April 29, 2009 | $ 27.50 |
| Erline Greer | August 8, 2009 | $ 85.00 |
| Erline Greer | September 10, 2009 | $155.00 |
| | **Total** | **$295.00** |

[Exh. 1 to Wynhoff Decl.] Chinen included an invoice for each expense. [Exhs. 6, 5, 12, 21 to Wynhoff Decl.]

"Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred." Local Rule LR54.2(f)(1). Based on this Court's knowledge of the case and Chinen's submissions, this Court finds that Chinen's

13

service of process fees were reasonably required and actually incurred.  The Court therefore FINDS that Chinen's service of process fees are taxable in full.

**2.    Witness Fees**

Chinen requests $150.00 in witness fees for the following witnesses to appear at their respective depositions:

| | | |
|---|---|---|
| Grace Pascual | April 29, 2009 | $  6.00 |
| Nishihama & Kishida | April 29, 2009 | $ 40.00 |
| Erline Greer | August 8, 2009 | $ 40.00 |
| Erline Greer | September 10, 2009 | $ 64.00 |
| | **Total** | **$150.00** |

[Exh. 1 to Wynhoff Decl.]  Chinen included an invoice for each expense.  [Exhs. 6, 5, 12, 21 to Wynhoff Decl.]

"Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."  Local Rule LR54.2(f)(3). Section 1821(b) states:

> A witness shall be paid an attendance fee of $40 per day for each day's attendance.  A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

The witness fees for Grace Pascual, Nishihama and Kishida, and Erline Greer's first deposition are within the amount allowed under § 1821(b).  This Court finds that these witness fees were reasonably necessary and provided for under the statute.

The witness fee for Erline Greer's second deposition,

however, exceed the amount allowed under § 1821.  Pursuant to § 1821(b), Chinen is only entitled to recover a $40.00 witness fee for Erline Greer's second deposition.  Chinen may also be entitled to recover amounts such as common carrier expenses or a travel allowance, see § 1821(c)(1), (2), but Chinen's supporting documentation does not indicate what the additional $24 was for.  This Court therefore finds that only $40.00 of the witness fee for Erline Greer's second deposition is taxable.

The Court FINDS that the following witness fees are taxable:

| | | |
|---|---|---|
| Grace Pascual | April 29, 2009 | $    6.00 |
| Nishihama & Kishida | April 29, 2009 | $  40.00 |
| Erline Greer | August 8, 2009 | $  40.00 |
| Erline Greer | September 10, 2009 | $  40.00 |
| | **Total** | **$126.00** |

The Court RECOMMENDS that the district judge award Chinen $126.00 in witness fees.  The Court will also allow Chinen to submit further declarations and/or supporting documentation justifying any additional witness expenses associated with Erline Greer's second deposition.

### III. Summary of Taxable Costs

This Court therefore FINDS that Chinen is entitled to the following taxable costs at this time:

| | |
|---|---|
| Fees for service of summons and subpoena | $   295.00 |
| Fees of the court reporter | $5,588.14 |
| Witness fees | $   126.00 |
| Copying fees | $1,729.32 |
| **Total** | **$7,738.46** |

### **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's November 23, 29009 objections to the Bill of Costs filed on October 1, 2009 by Defendant Melanie Chinen, in her individual capacity, should be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge tax costs in favor of Melanie Chinen, in her individual capacity, and against Plaintiff in the amount of $7,738.46.

In addition, the Court GRANTS Melanie Chinen, in her individual capacity, leave to file supplemental documentation in support of her request for costs by **January 14, 2010**.  Plaintiff may file a response to Chinen's supplemental documentation by **January 28, 2010**.  The Court will issue an amendment to this Report thereafter.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, December 30, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAVID BROWN V. MELANIE CHINEN, ET AL; CIVIL NO. 07-00556 ACK-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS TO DEFENDANT MELANIE CHINEN'S BILL OF COSTS**