IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID BROWN, ) | CIVIL NO. 07-00556 ACK-LEK |
| )  Plaintiff, ) | |
| ) vs. ) | |
| ) MELANIE CHINEN, LAURA ) THIELEN, in her Official ) Capacity, NANCY MCMAHON, in ) her Official Capacity, STATE ) OF HAWAII, DOES 1-20, ) ) Defendants. ) _____ ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PLAINTIFF'S OBJECTIONS TO DEFENDANT STATE'S BILL OF COSTS**

Before the Court, pursuant to a designation by Senior United States District Judge Alan C. Kay, is Plaintiff David Brown's ("Plaintiff") Motion for Attorney Fees ("Motion"), filed November 27, 2009, and Plaintiff's "Memorandum in Opposition to Defendant State's Bill of Costs",[1] filed December 21, 2009.  In the Motion, Plaintiff requests an award of $103,622.10 in attorneys' fees, including general excise tax.[2] On December 11, 2009, Defendant Melanie Chinen, in her individual capacity ("Defendant Chinen"), filed a statement of no position on the Motion.  Defendants State of Hawai`i, and Melanie Chinen,

---

[1] This Court construes this as Plaintiff's Objections.

[2] On December 10, 2009, Plaintiff filed a supplement to the Motion to clarify that he was not seeking attorneys' fees against any of the individual defendants in their individual capacities.

Nancy McMahon, and Laura Thielen, in their official capacities (collectively "State Defendants"), filed a Bill of Costs on December 14, 2009, seeking $1,330.86 in taxable costs from Plaintiff.  On December 28, 2009, the State Defendants filed a joint reply in support of their Bill of Costs and memorandum in opposition to Plaintiff's Motion.  Plaintiff filed his reply in support of the Motion on January 11, 2010.  The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED, and that Plaintiff's Objections to the State Defendants' Bill of Costs be DENIED.  The Court RECOMMENDS that the requests in the State Defendants' Bill of Costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge TAX $1,320.39 in costs in favor of the State Defendants and against Plaintiff.

## BACKGROUND

Plaintiff previously worked for the State Historic Preservation Division ("SHPD") as the Branch Chief Archeologist.  Defendant Chinen was his supervisor, and she declined to renew Plaintiff's appointment when his contract expired.

Plaintiff filed the instant action on November 7, 2007.

2

The original Complaint named the following defendants: Melanie Chinen, Bob Awana, Laura Thielen, Peter Young, Robert A. Masuda, Nancy McMahon, Melissa Kirkendall, Ashley Chinen, and the State.  Plaintiff alleged that the reasons SHPD gave for the non-renewal of his appointment were pretext and that the real reason was that he criticized numerous SHPD practices as being illegal, unethical, or culturally insensitive.  As to Defendant Chinen, Plaintiff alleged that she declined to renew his contract because of statements that he made to her.  Plaintiff's Complaint alleged the following claims: negligence regarding SHPD's handling of human remains; negligent hiring, training and supervision; negligent infliction of emotional distress; defamation; conspiracy to defame; conspiracy to coerce to violate laws, ethics and standards; intentional infliction of emotional distress; and retaliation in violation of public policy, state law, Title VII, and the First and Fourteenth Amendments of the United States Constitution.

On May 14, 2008, the district judge granted the defendants' various motions to dismiss the original Complaint. Plaintiff filed his First Amended Complaint ("FAC") on June 13, 2008.  Only Defendant Chinen and the State were named as defendants in the FAC.  The FAC alleged the following claims: a § 1983 claim for retaliation against the State and Defendant Chinen in her individual capacity; and violation of the Native

American Graves Protection and Repatriation Act ("NAGPRA") against the State.  The State and Defendant Chinen, in her official capacity, filed a motion to dismiss on June 27, 2008, and Defendant Chinen, in her individual capacity, filed a motion to dismiss on July 17, 2008.

While the motions to dismiss were pending, the parties stipulated to allow Plaintiff to amend his FAC.  The stipulation provided that any answers to the Second Amended Complaint ("SAC") would be based on the district judge's rulings on the motions to dismiss.[3]  The SAC clarified that Plaintiff's NAGPRA claim was against the State, Chinen, Thielen, and McMahon in their official capacities.  In light of the stipulation, the district judge allowed the parties to submit supplemental memoranda regarding the motions to dismiss.  On February 10, 2009, the district judge issued an Order: (1) Granting in Part and Denying in Part Defendants' Motions to Dismiss the Second Amended Complaint; and (2) Granting Plaintiff Thirty Days Leave to Amend the Complaint.

Plaintiff filed his Third Amended Complaint ("TAC") on March 12, 2009.  The TAC named the same defendants and alleged the same claims for relief as the SAC, but contained some additional factual allegations.

Defendant Chinen, in her individual capacity, filed a

---

[3] Plaintiff did not actually file the SAC.  The stipulation refers to the copy of the SAC attached to the Motion to Amend Plaintiff's First Amended Complaint, filed October 10, 2008.

motion for summary judgment on Plaintiff's retaliation claim on June 15, 2009, and the State Defendants filed a joinder on June 18, 2009.  Plaintiff filed a motion for summary judgment on the NAGPRA claim on June 18, 2009.  On September 23, 2009, the district judge issued an order granting Defendant Chinen's motion and the State Defendants' joinder therein and denying Plaintiff's motion ("Summary Judgment Order").

The district judge conducted a non-jury trial on the NAGPRA claim from October 20, 2009 to October 27, 2009.  On November 13, 2009, the district judge issued his Findings of Fact and Conclusions of Law and Decision as to Plaintiff's NAGPRA Claim ("NAGPRA Decision").  The district judge ruled, *inter alia*, that State Defendants were entitled to judgment on the NAGPRA claim.

On November 30, 2009, the Clerk of the Court issued judgment, pursuant to the Summary Judgment Order and the NAGPRA Decision, against Plaintiff and in favor of the State Defendants, and Chinen, in her individual capacity.

In their Bill of Costs, the State Defendants seek $1,330.86 in costs.  They argue that they are the prevailing party because they obtained final judgment in their favor.  The State Defendants assert that all costs were actually and necessarily incurred and are allowable by law.

Plaintiff bases his Motion and his Objections to the

State Defendants' Bill of Costs on the following language in the NAGPRA Decision:

> <u>Plaintiff should be commended for bringing his NAGPRA claim.</u>  As the State Defendants' counsel acknowledged in his opening statement, the claim effectively brought certain issues of noncompliance to light.  See 10/21/09 Tr. 96:17–22 (St.' Defs.' Counsel) ("In a very perverse way, my client has to thank Mr. Brown for bringing this case.  Because although SHPD had been under the belief and understanding that NAGPRA did not apply to it, unless there was a finding on federal or tribal lands, there apparently is a dispute as to whether or not that is an accurate interpretation of the law.").  It appears that, as a direct result of this litigation, SHPD has initiated consultation with the National NAGPRA Program in an effort to come into compliance with the statute.

[NAGPRA Decision at 20 (emphasis added).]  Plaintiff notes that he sought "[d]eclaratory relief to remedy harm done to Plaintiff's reputation", [TAC at 36,] and he argues that the district judge's commendation granted him that relief.  Plaintiff asserts that he is a prevailing party because the legal relationship between him and the State Defendants has changed.  The State Defendants "can no longer claim that they are in full compliance with the law" and they cannot deny that Plaintiff's complaints about illegal activity were legitimate.  [Objections at 3; Mem .in Supp. of Motion at 6.]  Plaintiff therefore argues that: 1) the State Defendants are not entitled to the taxation of costs because they did not prevail on all claims; and 2) he is entitled to attorneys' fees under NAGPRA, 25 U.S.C. § 3013, or

the district court's inherent powers.

In the Motion, Plaintiff seeks an award of $103,622.10 in attorneys' fees, including general excise tax.[4] This amount represents 347.0 hours of work by Plaintiff's counsel, Mark Beatty, Esq., at $275 per hour, and 23.5 hours of work by Bruce Sherman, Esq., at $150 per hour. [Motion at 1-2.] Plaintiff argues that the hourly rates and the number of hours expended are reasonable in light of the fact that the lawsuit was difficult and it achieved a meaningful public benefit. Plaintiff states that $175 per hour is a reasonable hourly rate for Mr. Beatty based on his legal experience, but Plaintiff contends that the rate should be enhanced to $275 per hour because Mr. Beatty: worked with an experienced team; had transferrable skills in specialized areas outside of the practice law; bore the inherent risk of taking this case on a contingency basis.

On December 28, 2009, the State Defendants filed a document titled "Reply Memorandum in Support of Their Bill of Costs and in Opposition to Plaintiff's Motions for Attorney's Fees and Costs". The State Defendants note that the general rule is that a prevailing party is entitled to an award of costs, and

---

[4] Plaintiff requests the general excise tax on the attorneys's fees as a non-taxable cost, but this Court considers the general excise tax as part of the award of attorney's fees. The Court also notes that the Motion requests $105,465.93 in attorneys' fees and excise tax, but that amount appears to be incorrect.

the party in whose favor judgment is entered is the prevailing party.  The district court can depart from this general rule, but the district judge did not do so in this case.  Further, the State Defendants argue that the district judge did not grant Plaintiff relief on the merits of any of his claims.  The State Defendants also assert that they did not have a legal relationship with Plaintiff because he has not been employed by the State since 2006.  Thus, any alteration in the State Defendants' behavior as a result of this case did not directly benefit Plaintiff.  The district judge rejected Plaintiff's allegation that he was personally and professionally aggrieved by the State Defendants' conduct and his claim that he was entitled to enjoin that conduct.  The State Defendants therefore argue that they are entitled to their costs and that Plaintiff is not entitled to recover his attorney's fees or costs.

In his reply in support of the Motion, Plaintiff emphasizes that the district judge found that Plaintiff had statutory standing to bring a NAGPRA claim.  Plaintiff argues that this created a legal relationship between him and the State Defendants.  Plaintiff also points out that, in several portions of the NAGPRA Decision, the district judge noted that the State Defendants conceded that the State was in violation of NAGPRA's requirements.  According to Plaintiff, before he filed the instant case, the State claimed that it was not obligated to

comply with NAGPRA.  Thus, Plaintiff argues that he prevailed in this case by establishing that the State Defendants were bound by NAGPRA and that they were violating NAGPRA's requirements. Plaintiff asserts that this altered the legal relationship between the parties and triggered Plaintiff's entitlement to attorneys' fees.

## DISCUSSION

### I. Plaintiff's Motion

The United States district courts have jurisdiction over any action alleging NAGPRA violations and they "have the authority to issue such orders as may be necessary to enforce" NAGPRA's provisions.  See 25 U.S.C. § 3013.  There is, however, no provision in NAGPRA authorizing the award of attorney's fees in actions alleging NAGPRA violations.  Thus, under the "American Rule" the parties in an action alleging a NAGPRA violation must bear their own attorneys' fees.  Cf. Golden Pisces, Inc. v. Fred Wahl Marine Const., Inc., 495 F.3d 1078, 1081 (9th Cir. 2007) ("In federal litigation, the American Rule generally precludes an award of attorneys' fees absent statutory authorization or an enforceable contractual fees provision." (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)) (some citations omitted)).  There are, however, limited exceptions to the American Rule, such as where "the losing party acted in bad faith or willfully disobeyed a

court order.  These exceptions are unquestionably assertions of inherent power in the courts to allow attorneys' fees in particular situations." See id. (citing Alyeska, 421 U.S. at 258-59, 95 S.Ct. 1612).

Plaintiff apparently seeks attorneys' fees pursuant to the exception to the American Rule allowing for an award of attorneys' fees based on bad faith or noncompliance with a court order.  [Mem. in Supp. of Motion at 7.]  Plaintiff, however, does not identify any court order that the State Defendants failed to comply with, nor does he identify any facts supporting a finding that the State Defendants acted in bad faith.  Moreover, for the reasons cited, *infra*, the State Defendants are not the losing party.  As the party seeking attorneys' fees, Plaintiff has the burden of establishing his entitlement to such fees.  See Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 427 (9th Cir. 2000).  Plaintiff has failed to meet this burden.

This Court therefore FINDS that Plaintiff is not entitled to an award of attorneys' fees and RECOMMENDS that Plaintiff's Motion be DENIED.

**II. The State Defendants' Bill of Costs**

**A. Entitlement to Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a

court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Local Rule 54.2(a) clarifies that the prevailing party is the party "in whose favor judgment is entered" or the party who prevails on a motion filed under Federal Rules of Civil Procedure 50(b), 52(b), or 59.  On November 30, 2009, final judgment was entered in favor of the State Defendants and Defendant Chinen pursuant to the NAGPRA Decision and the Summary Judgment Order.  None of the parties filed motions pursuant to Rule 50(b), 52(b), or 59.  While the district judge may have made statements in the NAGPRA Decision which constitute a personal victory for Plaintiff, the district judge did not direct the entry of judgment in Plaintiff's favor on any claim.  This Court therefore FINDS that the State Defendants are a prevailing party and are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1).  The Court RECOMMENDS that Plaintiff's Objections to the State Defendants' Bill of Costs be DENIED.

  B. **Calculation of Costs**

    A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c).  Thus, although Plaintiff did not raise specific objections to the State

Defendants' costs, this Court must review the costs to determine whether they are taxable pursuant to § 1920.

Courts "are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)). Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff seeks $1,330.86 in taxable costs consisting of the following:

| | |
|---|---|
| Fees for service of summons and subpoena | $    34.00 |
| Fees for transcripts | $1,286.39 |
| Fees for printing/copying | $    10.47 |
| **TOTAL** | **$1,330.86** |

### 1. Service Fees

"Fees for the service of process and service of

subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred." Local Rule LR54.2(f)(1); see also § 1920(1).  The State Defendants seek $34.00 for the service of subpoenas duces tecum on the custodians of records for Sylvia Wang, M.D., and Darius Amjadi, M.D.  The amount consists of a $30.00 service fee and a $4.00 mileage fee.  [Bill of Costs, Decl. of John M. Cregor ("Cregor Decl."), Exh. A at 2 (invoice).]  The State Defendants assert that Plaintiff put Dr. Wang's and Dr. Amjadi's accounts at issue in this case.  [Mem. in Supp. of Bill of Costs at 5.]

The Court finds that the State Defendants' service costs were actually incurred and were necessary and reasonable in this case.  The Court therefore FINDS that the State Defendants' service costs are taxable in full.

### 2. Deposition Transcript Costs

"The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable."  Local Rule LR54.2(f)(2); see also § 1920(2).  The State Defendants seek $1,286.39 in transcript costs consisting of the following:

| | |
|---|---|
| Depositions on written interrogatories on Kristy Yabui (for Dr. Wang and Philip Kuo, M.D.) and Dr. Amjadi[5] | $ 365.76 |

---

[5] The invoice was for the cost of the original transcript and one copy, plus excise tax.  [Exh. A to Cregor Decl. at 3.]

13

|  |  |
|---|---|
| Videotaped deposition of McMahon[6] | $  430.05 |
| Videotaped deposition of Maryanne Maigret[7] | $  490.58 |
| **TOTAL** | **$1,286.39** |

[Exh. A to Cregor Decl. at 3-5 (invoices).]

This Court finds that the State Defendants' deposition transcript costs were actually incurred and were necessary and reasonable in this case.  The Court therefore FINDS that the State Defendants' deposition transcript costs are taxable in full.

### 3.   Copying Costs

"The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  Local Rule LR54.2(f)(4); see also § 1920(4).  The State Defendants seek $10.47 for burning documents received from Plaintiff's counsel on to a DVD.  [Exh. A to Cregor Decl. at 6(invoice).]  The State Defendants did not provide any further information about this item.  This Court therefore cannot

---

[6] The invoice was for a copy of the transcript, an exhibit fee, a fee for a condensed transcript, and excise tax.  [Exh. A to Cregor Decl. at 4.]

[7] The invoice was for a copy of the transcript, an exhibit fee, a fee for a condensed transcript, and excise tax.  [Exh. A to Cregor Decl. at 5.]  The Court notes that Ms. Maigret was an anticipated witness regarding Plaintiff's qualifications, employment, and termination.  [Melanie Chinen's Pretrial Statement, filed 9/8/09 (dkt. no. 190), at 10.]

determine whether the DVD was necessarily obtained for use in this case, and the Court RECOMMENDS that the district judge DENY the State Defendant's request for copying costs.

The Court, however, will allow the State Defendants to file a supplemental declaration and supporting documentation to address the copying costs.  After reviewing the State Defendants' supplemental documents and any response from Plaintiff, this Court will issue an amendment to the instant Report.  If the State Defendants fail to timely submit supporting documentation, this Court will issue an amendment to the instant Report recommending that copying costs be denied with prejudice.

   **4.    Summary of Taxable Costs**

The Court FINDS that the following costs are taxable in this case and RECOMMENDS that the district judge tax these costs in favor of the State Defendants and against Plaintiff:

| | |
|---|---|
| Fees for service of summons and subpoena | $   34.00 |
| Fees for transcripts | $1,286.39 |
| **TOTAL** | **$1,320.39** |

#### CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS AND RECOMMENDS that Plaintiff's Motion for Attorney Fees, filed on November 27, 2009, be DENIED, and that Plaintiff's Objections to the State Defendants' Bill of Costs, filed on December 21, 2009, be DENIED.  The Court RECOMMENDS that the requests in the State Defendants' Bill of Costs, filed

December 15, 2009, be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge TAX $1,320.39 in costs in favor of the State Defendants and against Plaintiff.  The Court RECOMMENDS that the remainder of the State Defendants' request be DENIED WITHOUT PREJUDICE.

This Court GRANTS the State Defendants leave to file a supplemental declaration and supporting documentation to address their copying costs.  The State Defendants shall file the supplemental documents by no later than **February 19, 2010**, and Plaintiff may file a response by no later than **February 26, 2010**.  This Court will issue an amendment to the instant Report thereafter.  The Court cautions the State Defendants that, if they fail to submit the supporting documentation by the deadline or if the supporting documentation does not establish that the copying costs are taxable, this Court will issue an amendment to the instant Report recommending that the copying cost be denied with prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, January 29, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAVID BROWN V. MELANIE CHINEN, ET AL; CIVIL NO. 07-00556 ACK-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PLAINTIFF'S OBJECTIONS TO DEFENDANT STATE'S BILL OF COSTS**