IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID BROWN,<br><br>      Plaintiff,<br><br>  vs.<br><br>MELANIE CHINEN, LAURA<br>THIELEN, in her Official<br>Capacity, NANCY MCMAHON, in<br>her Official Capacity, STATE<br>OF HAWAII, DOES 1-20,<br><br>      Defendants.<br>_____ | CIVIL NO. 07-00556 ACK-LEK |

**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MELANIE CHINEN'S MOTION TO LIMIT, SET ASIDE IN PART, OR RECONSIDER BILL OF COSTS**

On December 30, 2009, Plaintiff David Brown ("Plaintiff") filed a document titled "Plaintiff's Motion for Costs". Attached to the Motion for Costs was the district court's form Bill of Costs. The Clerk's Office docketed Plaintiff's Motion for Costs as a Bill of Costs. Defendant Melanie Chinen, in her individual capacity ("Defendant Chinen"), did not respond to the Motion for Costs because she did not believe a response was necessary in light of the fact that it was titled as a motion and this Court never issued a briefing schedule. Further, the district judge granted summary judgment in her favor on September 23, 2009, and, on December 30, 2009, this Court issued a Report of Special Master ("Chinen Report"), finding that Defendant Chinen was a prevailing party and

recommending that the district judge order the taxation of $7,738.46 in costs in favor of Defendant Chinen, in her individual capacity, and against Plaintiff.[1]  On January 25, 2010, the Clerk's Office taxed the costs requested in Plaintiff's Motion for Costs in favor of Plaintiff.  The taxation of costs did not specify which defendants were being taxed with Plaintiff's costs.

On January 27, 2010, Defendant Chinen filed a Motion to Limit, Set Aside in Part, or Reconsider Bill of Costs ("Motion to Limit").  Defendant Chinen seeks an order specifically stating that the taxation of costs in Plaintiff's favor does not apply to her in her individual capacity.  The Motion to Limit includes an e-mail to Defendant Chinen's counsel from Plaintiff's counsel stating that Plaintiff's Motion for Costs did not seek costs against Defendant Chinen in her individual capacity.  [Exh. 1 to Motion to Limit.]

On February 11, 2010, Plaintiff filed a Declaration of Mark Beatty Re Costs Against Melanie Chinen ("Beatty Decl.").  Although Plaintiff's counsel continues to assert that Plaintiff

---

[1] Plaintiff did not file any objections to the Chinen Report, and the district judge adopted it on January 26, 2010. Later that day, the Clerk's Office taxed $7,738.46 in costs in favor of Defendant Chinen, in her individual capacity, and against Plaintiff.

is the prevailing party as to all defendants,[2] [Beatty Decl. at ¶ 4,] he states that Plaintiff's Motion for Costs "was not against Melanie Chinen personally, but against the State of Hawaii." [Id. at ¶ 3.]

This Court therefore FINDS that Defendant Chinen's Motion to Limit, Set Aside in Part, or Reconsider Bill of Costs, filed on January 27, 2010, should be GRANTED.  This Court RECOMMENDS that the district judge issue an order limiting the taxation of costs in favor of Plaintiff (docket no. 292) to Defendants the State of Hawai'i, Melanie Chinen, in her official capacity, Laura Thielen, in her official capacity, and Nancy McMahon, in her official capacity (collectively "State Defendants").[3]

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned

---

[2] This Court does not construe Mr. Beatty's Declaration as anything other that a response to the Motion to Limit.  If Plaintiff wishes to contest a recommendation or ruling on any other matter in this case, he must file the appropriate objection, motion, or appeal.

[3] The Court emphasizes that, at this time, it expresses no opinion on the State Defendants' Motion to Set Aside Clerk's Costs Taxed, filed on January 27, 2010.  That motion will be decided on its own merits after it has been fully briefed.

"Objections to Magistrate Judge's Findings and Recommendation."

A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, February 17, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAVID BROWN V. MELANIE CHINEN, ETC., ET AL; CIVIL NO. 07-00556 ACK-LEK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MELANIE CHINEN'S MOTION TO LIMIT, SET ASIDE IN PART, OR RECONSIDER BILL OF COSTS**