IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID BROWN, | ) | CIVIL NO. 07-00556 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MELANIE CHINEN, LAURA THIELEN, in her Official Capacity, NANCY MCMAHON, in her Official Capacity, STATE OF HAWAII, DOES 1-20, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT STATE DEFENDANTS'
MOTION TO SET ASIDE CLERK'S COSTS TAXED**

On December 30, 2009, Plaintiff David Brown ("Plaintiff") filed a document titled "Plaintiff's Motion for Costs". Attached to Plaintiff's Motion for Costs was the district court's form Bill of Costs. The Clerk's Office docketed Plaintiff's Motion for Costs as his Bill of Costs. None of the defendants responded and, on January 25, 2010, the Clerk's Office taxed the costs requested in Plaintiff's Motion for Costs in favor of Plaintiff.

On January 27, 2010, Defendants the State of Hawai'i, Melanie Chinen, Laura Thielen, and Nancy McMahon, in their official capacities (collectively "State Defendants"), filed their Motion to Set Aside Clerk's Costs Taxed ("Motion"). According to the State Defendants, their December 28, 2009 "Reply

Memorandum in Support of Their Bill of Costs and in Opposition to Plaintiff's Motions for Attorney's Fees and Costs" was also their objections to Plaintiff's Bill of Costs.  Plaintiff did not respond to the Motion.[1]

Thus, the State Defendants' Motion is unopposed.  This Court has previously rejected Plaintiff's argument that he is the prevailing party against the State Defendants, and this Court has concluded that the State Defendants are a prevailing party and are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1).  See Report of Special Master on Plaintiff's Motion for Attorney Fees and Plaintiff's Objections to Defendant State's Bill of Costs, filed 1/29/10 (dkt. no. 301), at 10-11.  This Court therefore FINDS that Plaintiff is not entitled to taxable costs pursuant to Rule 54(d)(1).  The Court RECOMMENDS that the district judge GRANT the State Defendants'

---

[1] On February 11, 2010, Plaintiff filed a Declaration of Mark Beatty Re Costs Against Melanie Chinen As Required by Document 300 Filed 01/29/10 ("Beatty Declaration").  The Beatty Declaration, *inter alia*, continued to assert Plaintiff's position that he is the prevailing party as to all defendants.  The Court does not construe the Beatty Declaration as a response to the instant Motion because the Beatty Declaration specifically responded to this Court's January 29, 2010 EO regarding the Motion to Limit, Set Aside in Part, or Reconsider Bill of Costs ("Motion to Limit") that Defendant Melanie Chinen filed in her individual capacity.  Further, this Court's February 18, 2010 findings and recommendation to grant the Motion to Limit expressly stated this Court was only construing the Beatty Declaration as a response to the Motion to Limit.

Motion[2] and ORDER that the January 25, 2010 taxation of costs in favor of Plaintiff be set aside.

The parties are advised that any objection to these Findings and Recommendation is due seventeen calendar days after being served with a copy of these Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 5, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAVID BROWN V. MELANIE CHINEN, ET AL; CIVIL NO. 07-00556 ACK-LEK; FINDINGS AND RECOMMENDATION TO GRANT STATE DEFENDANTS' MOTION TO SET ASIDE CLERK'S COSTS TAXED**

---

[2] The Court, however, notes that the need for this Motion could have been avoided if the parties had properly titled their respective filings.  Plaintiff should have titled his request for taxable costs pursuant to Rule 54(d)(1) as his "Bill of Costs", and the State Defendants should have titled their response thereto as "Objections to Plaintiff's Bill of Costs".