IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID BROWN, | ) | CIVIL NO. 07-00556 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MELANIE CHINEN, LAURA THIELEN, in her Official Capacity, NANCY MCMAHON, in her Official Capacity, STATE OF HAWAII, DOES 1-20, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUBSTITUTION OR JOINDER**

Before the Court is the State of Hawaii's ("the State") Motion for Substitution or Joinder ("Motion"), filed on August 19, 2010.  Defendant Melanie Chinen filed her Memorandum Re State of Hawaii's Motion for Substitution or Joinder on September 3, 2010.  Plaintiff David Brown ("Plaintiff") filed his Statement in Opposition to Jurisdictional Basis to Hear State of Hawaii's Motion ("Opposition") on September 10, 2010, and the State filed its Reply Memorandum to Plaintiff's Opposition ("Reply") on September 15, 2010.

This matter came on for hearing on September 30, 2010. Appearing on behalf of the State were John P. Gillmor, Esq., and John M. Cregor, Jr., Esq.  Appearing on behalf of Plaintiff was Mark S. Beatty, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel,

the State's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural history of this case. This Court will therefore only discuss the events that are relevant to the instant Motion.

Chinen, in her individual capacity, filed her Motion for Summary Judgment on June 15, 2009, and Chinen, in her official capacity, along with the State, Laura Thielen, in her official capacity, and Nancy McMahon, in her official capacity, (collectively "State Defendants") filed a joinder on June 18, 2009. On June 19, 2009, Plaintiff filed a motion for summary judgment on his Native American Graves Protection and Repatriation Act ("NAGPRA") claim. On September 23, 2009, the district judge issued an order granting Chinen's motion and the State Defendants' joinder and denying Plaintiff's motion ("Summary Judgment Order").

The district judge conducted a nonjury trial on Plaintiff's NAGPRA claim from October 20, 2009 to October 27, 2009. On November 13, 2009, the district judge issued his Findings of Fact and Conclusions of Law and Decision as to Plaintiff's NAGPRA Claim ("NAGPRA Decision"). The district judge ruled, *inter alia*, that the State Defendants were entitled to judgment on the NAGPRA claim. On November 30, 2009, the Clerk of

the Court issued judgment, pursuant to the Summary Judgment Order and the NAGPRA Decision, against Plaintiff and in favor of the State Defendants, and Chinen in her individual capacity and in her official capacity.

Chinen, in her individual capacity, filed her Motion for Award of Attorneys Fees and Motion for Sanctions Pursuant to Federal Rules of Civil Procedure, Rule 11, on September 28, 2009. On October 1, 2009, Chinen also filed her Bill of Costs. Plaintiff then filed his Memorandum in Opposition to Chinen's Bill of Costs on November 23, 2009 and his oppositions to Chinen's motions on November 25, 2009.  Chinen filed a joint reply in support of the motions on December 1, 2009, followed by the State Defendants' statements of no opposition to the motions filed on December 11, 2009.

This Court issued its Report of Special Mater on Chinen's Motion for Award of Attorneys' Fees and Motion for Sanctions Pursuant to Rule 11 on February 26, 2010, and the district judge adopted the report on May 3, 2010.  The district judge granted Chinen, in her individual capacity, $20,793.75 in attorneys' fees and granted sanctions against Plaintiff.  This Court also issued its Report of Special Master on Chinen's Bill of Costs on December 30, 2009.  The district judge adopted this report on January 26, 2010 and taxed $7,738.46 in costs against Plaintiff.

Plaintiff filed his notice of appeal directed at five issues on December 30, 2009.  Chinen transferred her interest in the case to the State on August 18, 2010.  [Motion, Decl. Of William J. Wynhoff ("Wynhoff Decl."), Exh. A.]

In the instant Motion, the State explains that it represented Chinen in both her official and individual capacities, bearing all litigation expenses.  [Wynhoff Decl. at ¶ 4.]  The State argues that, because Chinen assigned her interest in this case to the State, it should be substituted as a party under Rule 25(c) of the Federal Rules of Civil Procedure.  [Mem. in Supp. of Motion at 4.]  The State would thereby take Chinen's position in regard to collecting attorneys' fees and costs.  [Id. at 2.]  Alternatively, the State asks to be joined as a party. [Id. at 5.]

The State contends that Chinen's interest in the case in her official capacity should automatically transfer to it because, a suit against an official in her official capacity is essentially a suit against the government.  [Id. at 3.]  The State points out that Chinen's individual interest in this case is not automatically transferred and insists that court action is required for recovery of the awarded attorneys' fees and costs. [Id.]

Plaintiff's Opposition argues that the district court lacks jurisdiction to substitute or join any parties as requested

by the State because of the pending appeal.  [Opposition at 2.]
In its Reply, the State agrees that a district court loses
jurisdiction over a case once a notice of appeal is filed.  The
State, however, explains that jurisdiction is only lost with
respect to matters directly on appeal and not with respect to
collateral matters such as attorneys' fees.  [Reply at 3 (citing
Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir.
1983); White v. New Hampshire Dept. of Employment Security, 455
U.S. 445 (1982) (some citations omitted)).]  The State therefore
contends that, because Plaintiff failed to appeal from the order
granting attorneys' fees and the order taxing costs, the district
court maintains its jurisdiction.

At the hearing on this Motion, Plaintiff conceded that
the State is the real party in interest for purposes of
attorneys' fees and costs and should be able to collect any award
that Chinen may be entitled to in her individual capacity.
Plaintiff, however, maintains his position that substitution is
improper because this case still has a pending appeal.

## **DISCUSSION**

The State asks to be substituted as a party for Chinen
in her individual capacity so it can seek recovery of her awarded
attorneys' fees and costs.  Both parties agree that the State is
the real party in interest in regard to collecting Chinen's award
of attorneys' fees and costs in her individual capacity.  The

dilemma for the State, however, is a mere administrative collection matter that cannot be remedied here.

Joinder is improper here because the State is already a defendant in the case. Further, substitution is inappropriate because this would remove Chinen as a party and cause the State to be responsible for any subsequent claims against her. If this case were remanded by the Ninth Circuit, Plaintiff would be disadvantaged in that he may not be able to pursue the claim he originally brought against Chinen in her individual capacity. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) (holding that a State is not a person and therefore an individual may not pursue a § 1983 claim against the State). Further, the State will not be prejudiced if the Court denies the Motion because Defendant Chinen has assigned her award of attorneys' fees and costs to the State. As the assignee, the State can collect the award.

## CONCLUSION

On the basis of the foregoing, the State's Motion for Substitution or Joinder, filed August 19, 2010, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 6, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAVID BROWN V. MELANIE CHINEN, ET AL; CIVIL NO. 07-00556 ACK-LEK; ORDER DENYING DEFENDANT'S MOTION FOR SUBSTITUTION OR JOINDER**