IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID BROWN, | ) | CIVIL NO. 07-00556 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MELANIE CHINEN, LAURA THIELEN, in her Official Capacity, NANCY MCMAHON, in her Official Capacity, STATE OF HAWAII, DOES 1-20, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING THE STATE OF HAWAII'S
MOTION FOR ISSUANCE OF GARNISHEE SUMMONS AND
<u>MOTION FOR LEAVE TO TAKE RULE 69 DEPOSITION OF PLAINTIFF BROWN</u>**

Before the Court are Defendant the State of Hawaii's ("the State") Motion for Issuance of Garnishee Summons ("Garnishee Summons Motion"), filed on October 29, 2010, and Motion for Leave to Take Rule 69 Deposition of Plaintiff Brown ("Deposition Motion"), filed on November 9, 2010.  Plaintiff David Brown ("Plaintiff") filed his Statement in Opposition to Jurisdictional Basis to Hear State of Hawaii's Motion for Issuance of Garnishee Summons ("Memorandum in Opposition to Garnishee Summons Motion") on November 24, 2010, and his Statement in Opposition to Jurisdictional Basis to Hear State of Hawaii's Motion for Leave to Take Rule 69 Deposition of Plaintiff Brown ("Memorandum in Opposition to Deposition Motion") on December 2, 2010.  Defendant Melanie Chinen, in her individual capacity ("Defendant Chinen"), filed a statement of no position

as to the Garnishee Summons Motion on November 5, 2010.  On December 6, 2010, however, Defendant Chinen filed a memorandum regarding both the Garnishee Summons Motion and the Deposition Motion.  These matters came on for hearing on December 20, 2010.  John Gillmor, Esq., and Ryan Endo, Esq., appeared on behalf of the State.  Mark Beatty, Esq., appeared on behalf of Plaintiff.  William Wynhoff, Esq., appeared on behalf of Defendant Chinen.  Also appearing was John Cregor, Jr., Esq., who represents the State and the individual defendants in their official capacities.  After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, the State's Garnishee Summons Motion and the State's Deposition Motion are HEREBY DENIED WITHOUT PREJUDICE for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case.  The Court therefore will only discuss the background that is relevant to the instant motions.

Plaintiff filed this action on November 7, 2007.  Plaintiff filed his First Amended Complaint on June 13, 2008, and the parties later stipulated to allow Plaintiff to amend the First Amended Complaint.  Plaintiff did not actually file the Second Amended Complaint.  The stipulation refers to the copy of the Second Amended Complaint attached to the Motion to Amend

Plaintiff's First Amended Complaint, filed October 10, 2008. [Dkt. no. 79-4.]  The Second Amended Complaint alleged the following claims: a 42 U.S.C. § 1983 claim and an Ex Parte Young, 209 U.S. 123 (1908), claim for retaliation against the State and Defendant Chinen, in her individual capacity; and violation of the Native American Graves Protection and Repatriation Act ("NAGPRA"), 25 U.S.C. § 3013, against the State, Melanie Chinen, Laura Thielen, and Nancy McMahon, each in her official capacity (collectively "State Defendants").

Defendant Chinen, in her individual capacity, filed her Motion for Summary Judgment on June 15, 2009, and the State Defendants filed a joinder on June 18, 2009.  On June 19, 2009, Plaintiff filed a motion for summary judgment on his NAGPRA claim.  On September 23, 2009, the district judge issued an order granting Defendant Chinen's motion and the State Defendants' joinder and denying Plaintiff's motion ("Summary Judgment Order").  The district judge conducted a nonjury trial on Plaintiff's NAGPRA claim from October 20, 2009 to October 27, 2009.  On November 13, 2009, the district judge issued his Findings of Fact and Conclusions of Law and Decision as to Plaintiff's NAGPRA Claim ("NAGPRA Decision").  The district judge ruled, *inter alia*, that the State Defendants were entitled to judgment on the NAGPRA claim.  On November 30, 2009, the Clerk of the Court issued final judgment, pursuant to the Summary Judgment

3

Order and the NAGPRA Decision, against Plaintiff and in favor of the State Defendants, and Defendant Chinen, in her individual capacity and in her official capacity. Plaintiff filed a timely notice of appeal on December 30, 2009. [Dkt. no. 286.]

Defendant Chinen, in her individual capacity, filed her Motion for Award of Attorneys Fees and Motion for Sanctions Pursuant to Federal Rules of Civil Procedure, Rule 11, on September 28, 2009. On October 1, 2009, Defendant Chinen also filed her Bill of Costs. This Court issued its Report of Special Mater on Defendant Chinen's Motion for Award of Attorneys' Fees and Motion for Sanctions Pursuant to Rule 11 on February 26, 2010, and the district judge issued an order adopting the report on May 3, 2010 ("Rule 11 Order"). The district judge granted Defendant Chinen, in her individual capacity, $20,793.75 in attorneys' fees, and ordered Rule 11 sanctions against Plaintiff's counsel. This Court also issued its Report of Special Master on Defendant Chinen's Bill of Costs on December 30, 2009. The district judge issued an order adopting this report on January 26, 2010 ("Taxable Costs Order") and taxed $7,738.46 in costs in favor of Defendant Chinen, in her individual capacity, and against Plaintiff. Plaintiff did not file another notice of appeal after the district judge issued the Rule 11 Order and the Taxable Costs Order.

Defendant Chinen transferred her interest in the case to the State on August 18, 2010.  This Court denied the State's Motion for Substitution and Joinder.  [Order Denying Defendant's Motion for Substitution or Joinder, filed 10/6/10 (dkt. no. 330) ("Substitution Order").[1]]  In light of the assignment and the fact that the State was already a party to this action, the State is pursuing the collection of the awards due Defendant Chinen, in her individual capacity.

I. **Garnishee Summons Motion**

In the Garnishee Summons Motion, the State seeks the issuance of a garnishee summons pursuant to Federal Rule of Civil Procedure 64 and Hawai`i Revised Statute § 652-1.5.  The State seeks a garnishee summons directed to HDR Environmental, Operations and Construction, Inc. ("HDR").  John Gillmor, Esq., counsel for the State, has identified HDR as an entity in possession of Plaintiff's goods and effects.  [Motion, Decl. of John P. Gillmor at ¶ 7.]

In his Memorandum in Opposition to the Garnishee Summons Motion, Plaintiff argues that the district court does not have jurisdiction over the Garnishee Summons Motion because of the pending appeal.  He asserts that he appealed the Rule 11 Order and the Taxable Costs Order.  Plaintiff argues that, if the

---

[1] On October 29, 2010, Plaintiff filed a supplement to his Notice of Appeal to state that he also appeals from the Substitution Order.  [Dkt. no. 331.]

5

State has a compelling reason to try to collect the awards of attorneys' fees and costs before the Ninth Circuit rules on the appeal, the State should file the appropriate motion before the Ninth Circuit.

## II. Deposition Motion

In the Deposition Motion, the State seeks to depose Plaintiff pursuant to Federal Rule of Civil Procedure 69(a)(2). The State acknowledges that Plaintiff has already been deposed in this case and that the parties have not stipulated to his further deposition, but the State argues that a further deposition is necessary because Plaintiff's assets and sources of income were not addressed during his original deposition. See Fed. R. Civ. P. 30(a)(2)(A)(ii). The State argues that it is entitled to take the deposition as part of the collection process because the Rule 11 Order and the Taxable Costs Order are not at issue on appeal. Even if the orders are on appeal, their enforcement has not been stayed pursuant to Federal Rule of Civil Procedure 62.

In her memorandum addressing both motions, Defendant Chinen also argues that Plaintiff failed to separately appeal the Rule 11 Order and the Taxable Costs Order. Defendant Chinen acknowledges that reversal of the judgment will require the vacating of the awards, but she argues that any alleged errors in the orders themselves are not subject to review. Chinen also emphasizes that Plaintiff did not post a supersedeas bond or

otherwise obtain a stay of collection under Rule 62.

In his Memorandum in Opposition to the Deposition Motion, Plaintiff incorporates the arguments and exhibits in his Memorandum in Opposition to the Garnishee Summons Motion. He also notes that, as a practical matter, if the State is allowed to garnish his wages, the State will have to refund the amount with interest if he prevails before the Ninth Circuit or the United States Supreme Court.

## DISCUSSION

### I. Jurisdiction

Plaintiff contends that the district court does not have jurisdiction over the instant motions because the pending appeal has divested the district court of jurisdiction. It is true that, once a notice of appeal is filed, jurisdiction over all aspects of the case on appeal transfers from the district court to the court of appeals. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam), *superseded on other grounds by*, Fed. R. App. P. 4(a)(4). The district court, however, retains jurisdiction over collateral matters that do not implicate the judgment on the merits of the action, including awards of attorneys' fees and costs. See United States ex rel. Shutt v. Cmty. Home & Health Care Servs., Inc., 550 F.3d 764, 766 (9th Cir. 2008). Thus, there is no dispute that the district

court retained jurisdiction to issue the Rule 11 Order and the Taxable Costs Order.

Plaintiff argues that the district court does not have jurisdiction to rule upon any motions addressing the collection of the awards in the Rule 11 Order and the Taxable Costs Order because he has appealed from those orders.  Plaintiff contends that the following statement in his November 30, 2009 Notice of Appeal is sufficient to appeal the Rule 11 Order and the Taxable Costs Order: "6) Plaintiff reserves the right to appeal orders not yet filed as of the date of this notice." [Mem. in. Opp. to Garnishee Summons Motion at 2 (quoting Notice of Appeal (dkt. no. 286)).]  First, this statement merely reserves the right to appeal orders filed after the Notice of Appeal; by its own terms, it does not purport to be a blanket appeal of all future orders in the case.  The issues raised in the Rule 11 Order and the Taxable Costs Order are collateral to the decision on the merits of the case and therefore are separately appealable from the final judgment.  See Oregon Natural Desert Ass'n v. Locke, 572 F.3d 610, 614 (9th Cir. 2009) (citing Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200 (1988); White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 451-52 (1982) (some citations omitted)).  Plaintiff failed to file a timely notice of appeal following the Rule 11 Order and the Taxable Costs Order.  The Court therefore FINDS that Plaintiff did not appeal from the Rule

11 Order and the Taxable Costs Order.  The State's present attempts to collect the awards in those orders are collateral matters that do not implicate the issues on appeal.

Another exception to the general rule that a district court loses jurisdiction over a case upon the filing of a notice of appeal is that a district court may retain jurisdiction "in aid of execution of a judgment that has not been superseded." Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997) (citation omitted).  In the present case, Plaintiff did not secure a supersedeas bond to obtain a stay pending the resolution of the appeal.  See Fed. R. Civ. P. 62(d).

This Court therefore FINDS that it has jurisdiction to rule upon the instant motions.

## II. Garnishee Summons

The State seeks the issuance of a garnishee summons pursuant to Federal Rule of Civil Procedure 64 and Hawai`i Revised Statutes § 652-1.5.  Rule 64, however, applies "[a]t the commencement of and **throughout an action** . . . to secure satisfaction of the **potential** judgment."  Fed. R. Civ. P. 64(a) (emphases added).  Courts have therefore concluded that Rule 64 applies to pre-judgment remedies to ensure the satisfaction of the potential judgment and that Federal Rule of Civil Procedure 69 applies to post-judgment remedies to execute upon a final judgment.  See, e.g., First Cmty. Bank v. Miller, No. 09-80131

MISC PJH, 2010 WL 2528964, at *3-*4 (N.D. Cal. June 18, 2010); Papadopoulos v. Sidi, 547 F. Supp. 2d 1262, 1267 (S.D. Fla. 2008); Crump v. Bank of Am., 235 F.R.D. 113, 115 (D.D.C. 2006). Rule 69(a)(1) states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Similarly, Hawai`i Revised Statutes § 652.1.5 also addresses prejudgment garnishment. The applicable statute is Hawai`i Revised Statutes § 652-1(b), which addresses garnishment after judgment.

Pursuant to Rule 69(a)(1), the district court can enforce a money judgment in accordance with state law procedures. Post-judgment garnishment is available under Hawai`i law and is therefore also an available remedy to enforce a money judgment under Rule 69(a)(1). There is, however, no money judgment in the instant case. The State concedes that the awards in the Rule 11 Order and the Taxable Costs Order have not yet been reduced to judgment, although the State could have moved for such relief. [Mem. in Supp. of Garnishee Summons Motion at 3.]

This Court therefore FINDS that post-judgment garnishment is not available at this time because the awards of attorneys' fees and costs have not been reduced to judgment. The

Court DENIES the State's Garnishee Summons Motion WITHOUT PREJUDICE.

**III. Deposition**

The State also seeks to depose Plaintiff pursuant to Federal Rule of Civil Procedure 69(a)(2) regarding his assets and sources of income.  Rule 69(a)(2) states: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located."  The State is the successor in interest to Defendant Chinen and the State's interest in the awards has been established in the record.  [Substitution Order at 5.]  As noted *supra*, however, there is no money judgment to execute at this time, and Defendant Chinen was not a judgment creditor when she assigned her interest to the State.

This Court therefore FINDS that Rule 69(a)(2) discovery is not available at this time because the awards of attorneys' fees and costs have not been reduced to judgment.  The Court DENIES the State's Deposition Motion WITHOUT PREJUDICE.

**CONCLUSION**

On the basis of the foregoing, this Court HEREBY DENIES the State's Motion for Issuance of Garnishee Summons, filed October 29, 2010, and the State's Motion for Leave to Take Rule

69 Deposition of Plaintiff Brown, filed November 9, 2010, WITHOUT PREJUDICE.

The State may re-file the instant motions after the awards of attorneys' fees and costs are reduced to judgment. The Court, however, expresses no opinion as to the merits of such motions.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 30, 2010.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DAVID BROWN V. MELANIE CHINEN, ET AL.; CIVIL NO. 07-00556 ACK-LEK; ORDER DENYING THE STATE OF HAWAII'S MOTION FOR ISSUANCE OF GARNISHEE SUMMONS AND MOTION FOR LEAVE TO TAKE RULE 69 DEPOSITION OF PLAINTIFF BROWN**