IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID BROWN, | ) | CIVIL NO. 07-00556 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MELANIE CHINEN, LAURA THIELEN, in her Official Capacity, NANCY MCMAHON, in her Official Capacity, STATE OF HAWAII, DOES 1-20, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANT'S AMENDED MOTION FOR RECONSIDERATION OF ORDER DENYING THE STATE OF HAWAII'S MOTION FOR ISSUANCE OF GARNISHEE SUMMONS AND MOTION FOR LEAVE TO TAKE RULE 69 DEPOSITION OF PLAINTIFF

Before the Court is Defendant the State of Hawaii's ("the State") Amended Motion for Reconsideration Order [sic] Denying the State of Hawaii's Motion for Issuance of Garnishee Summons and Motion for Leave to Take Rule 69 Deposition of Plaintiff ("Motion for Reconsideration"), filed January 6, 2011. Plaintiff David Brown ("Plaintiff") filed his Statement in Opposition to Amended Defendant State's Motion for Reconsideration Order Denying the State of Hawaii's Motion for Issuance of Garnishee Summons and Motion for Leave to Take Rule 69 Deposition of Plaintiff ("Memorandum in Opposition") on January 20, 2011. The State filed a reply on January 21, 2011. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of

the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal authority, Defendant's Motion for Reconsideration is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case.  The Court therefore will only discuss the background that is relevant to the instant motion.

On October 29, 2010, the State filed its Motion for Issuance of Garnishee Summons ("Garnishee Summons Motion").  [Dkt. no. 332.]  The State sought the issuance of a garnishee summons pursuant to Federal Rule of Civil Procedure 64 and Hawai`i Revised Statutes § 652-1.5.  The State expressly stated that § 652-1.5 applied because "[t]he post judgment awards of attorneys fees and costs have not been reduced to judgment (although either party might move to do so)."  [Mem. in Supp. of Garnishee Summons Motion at 3.]  The State requested a garnishee summons directed to HDR Environmental, Operations and Construction, Inc., an entity identified as possessing Plaintiff's goods and effects.  [Order Denying the State of Hawaii's Motion for Issuance of Garnishee Summons and Motion for Leave to Take Rule 69 Deposition of Plaintiff, filed 12/30/10

(dkt. no. 347) ("Order Denying Summons and Deposition"), at 5.]

On November 9, 2010, the State filed its Motion for Leave to Take Rule 69 Deposition of Plaintiff Brown ("Deposition Motion"). [Dkt. no. 336.] In this motion, the State sought to depose Plaintiff pursuant to Federal Rule of Civil Procedure 69(a)(2). The State argued that it was entitled to take a second deposition as part of the collection process because the Order Adopting Report of Special Master on Defendant Melanie Chinen's Motion for Award of Attorney's Fees and Motion for Sanctions Pursuant to FRCP 11 ("Rule 11 Order"), [filed 05/03/10 (dkt. no. 322),] and the Order Adopting Report of Special Master on Plaintiff's Objections to Defendant Melanie Chinen's Bill of Costs ("Taxable Costs Order"), [filed 01/26/10 (dkt. no. 293),] were not at issue on appeal. The State further argued that, even if the orders were found to be on appeal, their enforcement had not been stayed pursuant to Federal Rule of Civil Procedure 62. [Order Denying Summons and Deposition at 6.]

On December 30, 2010, the Court issued its Order Denying Summons and Deposition denying without prejudice both of the State's motions. With respect to the Garnishee Summons Motion, the Court found that Federal Rule of Civil Procedure 64 and Hawai`i Revised Statutes § 652-1.5 apply to pre-judgment remedies. [Id. at 9-10.] While the Court found that post-judgment garnishment is available under Hawai`i Revised Statutes

§ 652.1(b) and Federal Rule of Civil Procedure 69(a)(1), it determined that such relief was not available because there was no money judgment in the case.  The Court found that the "awards of attorneys' fees and costs have not been reduced to judgment." [Id. at 10.]

With respect to the Deposition Motion, the Court similarly held that "Rule 69(a)(2) discovery is not available at this time because the award of attorneys' fees and costs have not been reduced to judgment."  [Id. at 11.]  The Court found that it could not grant the State leave to take Plaintiff's deposition where "there is no money judgment to execute . . . and Defendant Chinen was not a judgment creditor when she assigned her interest to the State."  [Id.]

In the instant Motion for Reconsideration,[1] the State requests relief on the grounds of manifest error of law or fact. [Mem. in Supp. of Motion for Reconsideration at 1.]  The State contends that the district judge's Rule 11 Order for attorneys' fees is a final, appealable order and that the State is entitled to: (1) post-judgment relief pursuant to Hawai`i Revised Statutes § 652-1(b); and (2) a deposition of Plaintiff pursuant to Federal

---

[1] On January 6, 2011, Plaintiff filed a Motion for Reconsideration, [dkt. no. 348,] followed by the instant amended Motion for Reconsideration.

4

Rule of Civil Procedure 69.[2]  [Id. at 6-7.]

The State argues that reconsideration is necessary because the attorneys' fees award at issue is a "final order judgment."  [Id. at 3.]  The State contends that "judgments" under the Federal Rules of Civil Procedure include "'any order from which an appeal lies.'"  [Id. (quoting Fed. R. Civ. P. 54(a)).]  The State argues, furthermore, that orders for attorneys' fees are recognized by the Federal Rules of Civil Procedure as judgments.  [Id. at 3-4 (citing Fed. R. Civ. P. 58(a)(3)).]

In his memorandum in opposition, Plaintiff makes three arguments.  First, Plaintiff argues that the Court should not reconsider the attorneys' fees and court costs issues raised by the State because they are under review by the Court of Appeals for the Ninth Circuit.  [Mem. in Opp. at 2.]  Second, Plaintiff contends that the State does not meet the requirements of Hawai`i Revised Statutes § 652-1.5(a)(2) for prejudgment garnishment because the State has not shown that "'probable validity exists to sustain the validity of the creditor's claim.'"  [Id. at 3 (quoting § 652-1.5(a)(2)).]  Third, Plaintiff complains that the State, by seeking a garnishee summons, is merely "attempt[ing] to harass and retaliate against" him.  [Id. at 5.]

---

[2] Although the Garnishee Summons Motion and Deposition Motion address both the Rule 11 Order and Taxable Costs Order, the Motion for Reconsideration only addresses the Rule 11 Order.

5

In its reply, the State rejects Plaintiff's argument that the pendency of the appeal precludes review of the issues raised in its Motion for Reconsideration, noting that, under Federal Rule of Civil Procedure 62(d), the execution of an appealed judgment is not stayed unless a bond is filed. The State also explains that it is seeking a post-judgment garnishment under § 652-1(b), not a pre-judgment garnishment under § 652-1.5(a)(2) as suggested by Plaintiff. Finally, the State notes that, although this is the first instance it has sought garnishment to collect on an attorneys' fees award, it has previously obtained garnishments to collect other judgments. [Reply Mem. at 2-3.]

### **DISCUSSION**

Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.

Courts generally do not grant reconsideration based on legal arguments that could have been raised in connection with the original motion. See Hawaii Stevedores, Inc. v. HT & T Co.,

363 F. Supp. 2d 1253, 1269-70 (D. Hawai`i 2005) (citing <u>Kona Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000)) (some citations omitted). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." <u>Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing <u>Kona Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 883 (9th Cir. 2000)).

Citing "manifest error of law or fact[,]" the State now requests post-judgment relief in the form of a garnishee summons pursuant to Hawai`i Revised Statutes § 652-1(b). [Mem. in Supp. of Motion for Reconsideration at 1, 7.] The State also seeks to depose Plaintiff pursuant to Federal Rule of Civil Procedure 69. [<u>Id.</u> at 7.] The State concedes that in its original Garnishee Summons Motion, "the attorneys' fees award had been improperly characterized as a pre-judgment order – it is in fact a final order judgment." [<u>Id.</u> at 3.] The State also conceded that it took that position "without thorough research that the order awarding attorneys' fees was not a FRCP Rule 54(a) judgment[.]" [<u>Id.</u> at 6-7.]

Insofar as the State could have sought post-judgment relief pursuant to Hawai`i Revised Statutes § 652-1(b) in its Garnishee Summons Motion and Deposition Motion, the Court need not consider this argument in a motion for reconsideration. In

7

order to avoid the delay and expense that would result from the filing of new motions for post-judgment relief, however, the Court will address the State's revised arguments for a garnishee summons and Rule 69 deposition.

In its Order Denying Summons and Deposition, the Court held that, under Federal Rule of Civil Procedure 69(a)(1), post-judgment garnishment is available as a remedy to enforce a money judgment under Hawai`i law. In order for a party to invoke this remedy, the party seeking the garnishment must have a money judgment. [Order Denying Summons and Deposition at 10.]

The Ninth Circuit held in <u>Intel Corp. v. Terabyte Int'l, Inc.</u> that "an award of attorney's fees does not become final and appealable until the amount of the fee award is determined." 6 F.3d 614, 617 (1993). Where the court issues an order "unconditionally fixing fees, docketed after the docketing of the final merits judgment," that order constitutes a separate, final judgment. <u>Kona Enters., Inc. v. Estate of Bernice Pauahi Bishop</u>, 243 Fed. Appx. 274, 278 (D. Hawai`i 2007) (citation and internal quotation marks omitted).

Pursuant to the district judge's Order Granting Chinen's Motion for Summary Judgment and the State Defendants' Joinders Therein and Denying Plaintiff's Motion for Summary Judgment, [filed 09/23/09 (dkt. no. 204),] and the Findings of Fact, Conclusions of Law, and Decision as to Plaintiffs' NAGPRA

Claim, [filed 11/13/09 (dkt. no. 258),] the Clerk of the Court issued a final judgment against Plaintiff on November 30, 2009, [dkt. no. 267.] Defendant Chinen's subsequent request for attorneys' fees was granted on May 3, 2010 in the fixed amount of $20,793.75. [Rule 11 Order at 38.[3]]

Plaintiff's arguments in opposition are unpersuasive. First, as the Court explained in its Order Denying Summons and Deposition, Plaintiff did not appeal the awards of attorneys' fees and costs. [Order Denying Summons and Deposition at 8 ("Plaintiff failed to file a timely notice of appeal following the Rule 11 Order and Taxable Costs Order.").] Second, Plaintiff's analysis of § 652-1.5(a)(2) is inapposite because the State seeks post-judgment relief under § 652-1(b) in the instant motion. Finally, Plaintiff's claims of harassment and retaliation are unconvincing given the consistent rulings that Plaintiff is not a prevailing party, see, e.g., Rule 11 Order at 14 n.2, and Plaintiff's earlier opportunities to stay collection by posting a supersedeas bond. [Order Denying Summons and Deposition at 9.]

Given the facts above and the Ninth Circuit's holdings in Intel Corporation and Kona Enterprises, the Court FINDS that

---

[3] The Order adopted in its entirety the Report of Special Master on Defendant Melanie Chinen's Motion for Award of Attorney's Fees and Motion for Sanctions Pursuant to FRCP 11, filed 02/26/10 (dkt. no. 309).

the Rule 11 Order constitutes a final judgment.  The State is therefore entitled to a garnishee summons under Federal Rule of Civil Procedure 69(a)(1) and Hawai`i Revised Statutes § 652-1(b), and a deposition of Plaintiff under Federal Rule of Civil Procedure 69(a)(2).

## CONCLUSION

On the basis of the foregoing, Defendants' Amended Motion for Reconsideration of Order Denying the State of Hawaii's Motion for Issuance of Garnishee Summons and Motion for Leave to Take Rule 69 Deposition of Plaintiff, filed January 6, 2011, is HEREBY GRANTED.

The Court directs the Clerk of Court to sign and issue the Garnishee Summons attached to the State's Garnishee Summons Motion.  [Dkt. no. 332-3.]

The Court ORDERS Plaintiff to submit to a further deposition at a mutually agreed upon date, time, and place, but by no later than **March 18, 2011**.  The deposition shall be no longer than two hours and shall be limited to the subjects of Plaintiff's assets and his ability to pay the judgment for attorneys' fees.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 28, 2011.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DAVID BROWN V. MELANIE CHINEN, ET AL**; CIVIL NO. 07-00556 ACK-LEK; ORDER GRANTING DEFENDANT'S AMENDED MOTION FOR RECONSIDERATION OF ORDER DENYING THE STATE OF HAWAII'S MOTION FOR ISSUANCE OF GARNISHEE SUMMONS AND MOTION FOR LEAVE TO TAKE RULE 69 DEPOSITION OF PLAINTIFF